# EXHIBIT
# State Court
# Complaint & Summons

1 | SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

2

3 | ENCOMPASS HOME AND AUTO INSURANCE )
COMPANY, )
4 | )
Plaintiff, )    Case No.:    A-14 709830 C
5 | )    Dept. No.:    XX
vs. )
6 | )
ESTER CLARA CERVERA, individually; ERIC )
7 | PALACIOS & ASSOCIATES, LTD, a Nevada )
corporation; PBS ANESTHESIA; UNIVERSITY )
8 | OF NEVADA SCHOOL OF MEDICINE; )
UNIVERSITY MEDICAL CENTER; WESTERN )
9 | REGIONAL CENTER FOR BRAIN & SPINE )
SURGERY; CITY OF LAS VEGAS FIRE & )
10 | RESCUE; DESERT RADIOLOGY SOLUTIONS, )
LLC; NORTH VISTA HOSPITAL; SAGURO )
11 | HOME HEALTH; SAVON PHARMACY; )
MANTRO MOBILE IMAGING; DESERT WEST )
12 | SURGERY; RANCHO INTERNAL MEDICINE )
GROUP; SOUTHWEST MEDICAL )
13 | ASSOCIATES; NEVADA HEART AND )
VASCULAR; SOUTHERN NEVADA PAIN )
14 | CENTER; MEDICARE SECONDARY PAYER )
RECOVERY CONTRACTOR (MSPRC); )
15 | MEDICAID; SUHATTAI GAMNERSIRI, M.D., )
LTD; DOES I-X, inclusive; and ROE )
16 | CORPORATIONS I-X, inclusive. )
)
17 | Defendants. )
)

18

19 | **SUMMONS - CIVIL NOTICE!**
**YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING**
20 | **HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

21 | **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
22 | in the Complaint.

23 | **MEDICARE SECONDARY PAYER RECOVERY CONTRACTOR (MSPRC)**

24 |      1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of
the day of service, you must do the following:
25 |

26 |          (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to
the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
          (b)  Serve a copy of your response upon the attorney whose name and address is shown below.
27 |

28 |      2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so
respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result
in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:                                    STEVEN D. GRIERSON, CLERK OF COURT

By: _____        WALTER ABREGO-BONI

Mark L, Gentile, Esq.                             Deputy Clerk                    Date
1300 South Decatur Boulevard                Regional Justice Center
Las Vegas, NV 89102                            200 Lewis Avenue
702-251-8445                                        Las Vegas, NV 89155

2

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA          )
                         )        ss:
COUNTY OF CLARK          )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, on the _____ day of _____, 2014 and served the same on the _____ day of _____, 2014 by:

**(Affiant must complete the appropriate paragraph)**

1.  Delivering and leaving a copy with the Defendant _____
    at (state address) _____

2.  Serving the Defendant _____ by personally delivering
    and leaving a copy with _____, a person of suitable age
    and discretion residing at the Defendant's usual place of abode located at (state address)
    _____

[Use paragraph 3 for service upon agent, completing (a) or (b)]

3.  Serving the Defendant _____ by personally
    delivering and leaving a copy at (state address)_____
    _____

    (a)  With _____ as _____, an agent
         lawfully designated by statute to accept service of process;
    (b)  With _____, pursuant to NRS 14.020 as a person of
         suitable age and discretion at the above address, which address is the address of the
         resident agent as shown on the current certificate of designation filed with the
         Secretary of State.

4.  Personally depositing a copy in a mail box of the United States Post Office, enclosed in a
    sealed envelope, postage prepaid (Check appropriate method):

                    _____ Ordinary mail
                    _____ Certified mail, return receipt requested
                    _____ Registered mail, return receipt requested

addressed to the Defendant _____ at  Defendant's last known
address which is (state address) _____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2014.

                              _____
                              Signature of person making service

3

SUMM

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

ENCOMPASS HOME AND AUTO INSURANCE )
COMPANY,                                )
                                        )
                    Plaintiff,          )
                                        )
vs.                                     )
                                        )
ESTER CLARA CERVERA, individually; ERIC )
PALACIOS & ASSOCIATES, LTD, a Nevada    )
corporation; PBS ANESTHESIA; UNIVERSITY )
OF NEVADA SCHOOL OF MEDICINE;           )
UNIVERSITY MEDICAL CENTER; WESTERN      )
REGIONAL CENTER FOR BRAIN & SPINE       )
SURGERY; CITY OF LAS VEGAS FIRE &       )
RESCUE; DESERT RADIOLOGY SOLUTIONS,     )
LLC; NORTH VISTA HOSPITAL; SAGURO       )
HOME HEALTH; SAVON PHARMACY;            )
MANTRO MOBILE IMAGING; DESERT WEST      )
SURGERY; RANCHO INTERNAL MEDICINE       )
GROUP; SOUTHWEST MEDICAL                )
ASSOCIATES; NEVADA HEART AND            )
VASCULAR; SOUTHERN NEVADA PAIN          )
CENTER; MEDICARE SECONDARY PAYER        )
RECOVERY CONTRACTOR (MSPRC);            )
MEDICAID; SUHATTAI GAMNERSIRI, M.D.,    )
LTD; DOES I-X, inclusive; and ROE       )
CORPORATIONS I-X, inclusive.            )
                                        )
                    Defendants.         )
_____)

Case No.:   A-14 709830 C
Dept. No.:  XX

RECEIVED
2014 NOV 20  PM 2 37
US ATTORNEY'S OFFICE
LAS VEGAS, NV

**SUMMONS - CIVIL NOTICE!**
**YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING**
**HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
in the Complaint.

**MEDICAID**

    1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of
the day of service, you must do the following:

        (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to
        the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
        (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

    2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so
respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result
in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:                                    STEVEN D. GRIERSON, CLERK OF COURT

WALTER ABREGO-BONILLA                            NOV 17 2014

By: _____                            _____
Mark L, Gentile, Esq.                            Deputy Clerk
1300 South Decatur Boulevard                     Regional Justice Center
Las Vegas, NV 89102                              200 Lewis Avenue
702-251-8445                                     Las Vegas, NV 89155

DISTRICT COURT SEAL

2

**AFFIDAVIT OF SERVICE**

STATE OF NEVADA        )
                       )   ss:
COUNTY OF CLARK        )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made.  That affiant received _____ copy(ies) of the Summons and Complaint, on the _____ day of _____, 2014 and served the same on the _____ day of _____, 2014 by:

(Affiant must complete the appropriate paragraph)

1.  Delivering and leaving a copy with the Defendant _____
    at (state address) _____

2.  Serving the Defendant _____ by personally delivering
    and leaving a copy with _____, a person of suitable age
    and discretion residing at the Defendant's usual place of abode located at (state address)
    _____

[Use paragraph 3 for service upon agent, completing (a) or (b)]

3.  Serving the Defendant _____ by personally
    delivering and leaving a copy at (state address)_____
    _____

    (a)  With _____ as _____, an agent
         lawfully designated by statute to accept service of process;
    (b)  With _____, pursuant to NRS 14.020 as a person of
         suitable age and discretion at the above address, which address is the address of the
         resident agent as shown on the current certificate of designation filed with the
         Secretary of State.

4.  Personally depositing a copy in a mail box of the United States Post Office, enclosed in a
    sealed envelope, postage prepaid (Check appropriate method):

    _____ Ordinary mail
    _____ Certified mail, return receipt requested
    _____ Registered mail, return receipt requested

    addressed to the Defendant _____ at  Defendant's last known
    address which is (state address) _____

I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct.

EXECUTED this _____ day of _____, 2014.

                              _____
                              Signature of person making service

3

RECEIVED
US ATTORNEY'S OFFICE
LAS VEGAS, NV

Electronically Filed
11/13/2014 02:22:23 PM

**CLERK OF THE COURT**

1  COMP
   MARK L. GENTILE, ESQ.                    2014 NOV 20  PM 2 38
2  Nevada Bar No. 2709
   GENTILE LAW GROUP
3  1300 South Decatur Boulevard
   Las Vegas, Nevada 89102
4  (702)251-8445
   Attorneys for Plaintiff
5
                              **DISTRICT COURT**
6
                        **CLARK COUNTY, NEVADA**
7
   ENCOMPASS HOME AND AUTO INSURANCE )
8  COMPANY,                             )                A-14-709830-C
                                        )
9               Plaintiff,              )        Case No.:   A-
                                        )        Dept. No.:     xx
10  vs.                                 )
                                        )
11  ESTER CLARA CERVERA, individually; ERIC )
    PALACIOS & ASSOCIATES, LTD, a Nevada )
12  corporation; PBS ANESTHESIA; UNIVERSITY )
    OF NEVADA SCHOOL OF MEDICINE;       )
13  UNIVERSITY MEDICAL CENTER; WESTERN  )
    REGIONAL CENTER FOR BRAIN & SPINE   )
14  SURGERY; CITY OF LAS VEGAS FIRE &   )
    RESCUE; DESERT RADIOLOGY SOLUTIONS, )
15  LLC; NORTH VISTA HOSPITAL; SAGURO   )
    HOME HEALTH; SAVON PHARMACY;        )
16  MANTRO MOBILE IMAGING; DESERT WEST  )
    SURGERY; RANCHO INTERNAL MEDICINE   )
17  GROUP; SOUTHWEST MEDICAL            )
    ASSOCIATES; NEVADA HEART AND        )
18  VASCULAR; SOUTHERN NEVADA PAIN      )
    CENTER; MEDICARE SECONDARY PAYER    )
19  RECOVERY CONTRACTOR (MSPRC);        )
    MEDICAID; SUHATTAI GAMNERSIRI, M.D., )
20  LTD; DOES I-X, inclusive; and ROE   )
    CORPORATIONS I-X, inclusive.        )
21                                      )
                Defendants.             )
22  _____)
23                    **COMPLAINT FOR INTERPLEADER**

24       COMES NOW, Plaintiff, ENCOMPASS HOME AND AUTO INSURANCE COMPANY, by

25  and through its attorney, Mark L. Gentile, Esq., of the law firm of Gentile Law Group, and complains and

26  alleges against Defendants, and each of them, and all other lawful claimants upon Insurance Policy #US

27  281266817 as follows:

28

                                        1

1 **COMP**
MARK L. GENTILE, ESQ.
2 Nevada Bar No. 2709
GENTILE LAW GROUP
3 1300 South Decatur Boulevard
Las Vegas, Nevada 89102
4 (702)251-8445
Attorneys for Plaintiff
5

6 **DISTRICT COURT**

**CLARK COUNTY, NEVADA**
7

8 ENCOMPASS HOME AND AUTO INSURANCE )
COMPANY, )
9 )
     Plaintiff, )   Case No.:   A-
10 )   Dept. No.:
vs. )
11 )
ESTER CLARA CERVERA, individually; ERIC )
12 PALACIOS & ASSOCIATES, LTD, a Nevada )
corporation; PBS ANESTHESIA; UNIVERSITY )
13 OF NEVADA SCHOOL OF MEDICINE; )
UNIVERSITY MEDICAL CENTER; WESTERN )
14 REGIONAL CENTER FOR BRAIN & SPINE )
SURGERY; CITY OF LAS VEGAS FIRE & )
15 RESCUE; DESERT RADIOLOGY SOLUTIONS, )
LLC; NORTH VISTA HOSPITAL; SAGURO )
16 HOME HEALTH; SAVON PHARMACY; )
MANTRO MOBILE IMAGING; DESERT WEST )
17 SURGERY; RANCHO INTERNAL MEDICINE )
GROUP; SOUTHWEST MEDICAL )
18 ASSOCIATES; NEVADA HEART AND )
VASCULAR; SOUTHERN NEVADA PAIN )
19 CENTER; MEDICARE SECONDARY PAYER )
RECOVERY CONTRACTOR (MSPRC); )
20 MEDICAID; SUHATTAI GAMNERSIRI, M.D., )
LTD; DOES I-X, inclusive; and ROE )
21 CORPORATIONS I-X, inclusive. )
)
22      Defendants. )
_____ )
23

**COMPLAINT FOR INTERPLEADER**
24

   COMES NOW, Plaintiff, ENCOMPASS HOME AND AUTO INSURANCE COMPANY, by
25

and through its attorney, Mark L. Gentile, Esq., of the law firm of Gentile Law Group, and complains and
26

alleges against Defendants, and each of them, and all other lawful claimants upon Insurance Policy #US
27

281266817 as follows:
28

1

**I.**

Plaintiff was at all times material herein a corporation authorized to engage in the insurance business in the State of Nevada.

**II.**

On or about May 20, 2011, Plaintiff issued its policy of automobile insurance with bodily injury limits of $100,000/$300,000, to WALTER PFEIFER, to provide insurance coverage for his 2002 Ford F150 pick up truck. A copy of the policy and declarations page reflecting the coverage limits are attached hereto as Plaintiff's Exhibit "1" and incorporated herein by reference. Upon information and belief, on or about September 30, 2011, ESTER CLARA CERVERA was a passenger in the vehicle operated by GORDIANA GONZALEZ, which was stopped eastbound on Charleston in heavy traffic. RYAN JEROME PFEIFER was the permissive driver of WALTER PFEIFER's 2002 Ford F150 pick up truck and was traveling eastbound on Charleston when he failed to notice the stopped traffic and rear ended the vehicle in which ESTER CLARA CERVERA was a passenger. A 5 car pile up ensued. Please see Exhibit "2", State of Nevada Traffic Accident Report.

**III.**

In the GONZALEZ vehicle, there was one passenger: ESTER CLARA CERVERA. Plaintiff is informed and believes that this individual may have a bodily injury claim against PFEIFER covered through the ENCOMPASS HOME AND AUTO INSURANCE COMPANY policy of insurance. All other possible claims have been resolved or settled and the statute of limitations has expired. The claim of ESTER CLARA CERVERA is the only claim outstanding. Plaintiff has agreed to resolve this case in exchange for the $100,000.00 liability limits of the Pfeifer/ Encompass policy. The claimed medical specials associated with this accident for ESTER CLARA CERVERA are alleged to be approximately $264,025.49.

Plaintiff is informed and believes that other persons and entities may have claims/liens derivative of this bodily injury claim, and who may have an interest in the settlement proceeds. These persons and entities include health care providers PBS Anesthesia, University of Nevada School of Medicine; University Medical Center, Western Regional Center for Brain & Spine Surgery, City of Las Vegas Fire & Rescue, Desert Radiology Solutions, LLC, North Vista Hospital, Saguro Home Health, SavOn

1   Pharmacy, Mantro Mobile Imaging, Desert West Surgery, Rancho Internal Medicine Group, Southwest

2   Medical Associates, Nevada Heart and Vascular, Southern Nevada Pain Center, MSPRC, Medicaid and

3   Dr. Suhattai Gamnersiri, all of which are believed to be individuals, corporations or other business entities

4   licensed to provide health care services in the State of Nevada, and all of which are believed to have

5   provided services to the ESTER CLARA CERVERA as specified in paragraphs II and III herein.

6          That Plaintiff is informed and believes that other attorneys and legal firms may have an interest

7   in the Plaintiff's insurance policy proceeds, including ERIC PALACIOS, ESQ., and ERIC PALACIOS

8   & ASSOCIATES, LTD., who are believed to be professional corporations in the State of Nevada doing

9   legal business and who are believed to represent the individual listed in paragraphs II and III.

10                                             **IV.**

11          That to the best of Plaintiff's knowledge, Defendant, ESTER CLARA CERVERA, is a resident

12   of the County of Clark, State of Nevada.

13                                             **V.**

14          There may be other individuals or business or corporate entities who have an interest in the

15   insurance policy settlement proceeds who are unknown to Plaintiff at this time:  The true names or

16   capacities, whether individual, corporate, associate or otherwise of Defendants DOES I through X,

17   inclusive and ROE Corporations I through X, inclusive, are unknown to Plaintiff, who therefore sues said

18   Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of

19   the Defendants designated by such fictitious names are claimants or potential claimants of insurance policy

20   US281266817 and the Plaintiff will seek leave of this Court to amend it Complaint to insert the true names

21   and capacities of such fictitiously named Defendants when the same have been asserted and to join such

22   Defendants in this action.

23                                             **VI.**

24          That, on or about September 30, 2011, the above-named Defendants, and each of them, were

25   involved in an automobile accident with a vehicle being driven by RYAN JEROME PFEIFER and owned

26   by WALTER PFEIFER, which vehicle was insured by policy US 281266817. The totality of the insurance

27   limits available to resolve this matter is $100,000.00.   As a result of said accident, it is believed that each

28   of the above-named Defendants have claims/potential claims for personal injuries/ or potential claims

1  against the settlement proceeds.

2  **VII.**

3      ESTER CLARA CERVERA's counsel is unable to determine which, if any, of the above-named

4  Defendants and/or other claimants is entitled to any of the proceeds of the insurance policy and is unable

5  to determine the manner of distribution of the proceeds therein.

6  **VIII.**

7      That an actual controversy has arisen and exists between the Plaintiff and Defendants concerning

8  the rights, duties, liabilities and obligations of Plaintiff pursuant to its issuance of the subject insurance

9  policy.

10  **IX.**

11      That Nevada Rule of Civil Procedure 22 authorizes Plaintiff to interplead all claimants upon the

12  insurance policy and that Plaintiff is entitled to interplead all sums with the Court and further that Plaintiff

13  has no interest in and asserts no claim to the insurance policy proceeds.   Once we ascertain that all

14  potential claimants have been served, we will move to withdraw from the case to allow the Court to

15  determine an equitable distribution.

16      WHEREFORE, Plaintiff, specifically reserving its right to amend this interpleader complaint, prays

17  for judgment against Defendants, and each of them, as follows:

18      1.    That the Court require  Defendants in the cause to interplead in this action and to settle

19  herein their respective rights to the aforesaid policy limits now in possession of Plaintiff;

20      2.    That the Court  authorize and direct the Plaintiff to pay to the Clerk of the Eighth Judicial

21  District Court, the aforesaid sum of $100,000.00 representing the applicable policy limits, less any

22  amounts which have already been paid pursuant to the policy;

23      3.    That the Court, upon notice to all parties, and upon proper proof, determine a fair and

24  equitable division of the policy proceeds, and to order a proper distribution consistent with that

25  determination;

26  / / /

27

28  / / /

4.    That this Court thereupon enter its order and judgment forever releasing and discharging Plaintiff from all liability to Defendants and to any and all other persons by virtue of this cause regarding the accident of September 30, 2011, on the account of the issuance by Plaintiff of insurance policy US281266817;

5.    For such other and further relief as this Court deems just and proper in the premises.

DATED this 13th day of November, 2014.

GENTILE LAW GROUP

By _____
    MARK L. GENTILE, ESQ.
    Nevada Bar No. 2709
    1300 South Decatur Boulevard
    Las Vegas, Nevada 89102
    Attorneys for Plaintiff

5

# USP Special Value - Package
# Amended Policy Coverage Summary

**Policyholder:**
LINDA PFEIFER
WALTER PFEIFER
~~[redacted]~~
LAS VEGAS NV 89135-1041

**Agent:**
ECO INSURANCE GROUP INC
8936 SPANISH RIDGE AVENUE
LAS VEGAS NV 89148
PHONE: 702-795-0407   560-115422-0000

**Policy Number:**
281266817

**Policy Period:**
05/20/2011 to 05/20/2012

12:01 AM Standard Time

**Policyholder Since:**
05/2009

**Insurance Provided By:**
Encompass Home & Auto Ins. Co.
2775 Sanders  Rd.;  Northbrook,  IL 60062-6127

24 HOUR CLAIM  REPORTING   800-588-7400

## YOUR POLICY HAS BEEN CHANGED

A change  in insurance   coverage  for your  2005 CHEVROLET  MONTE CARLO

Changed vehicle  coverage

Revised  Annual  Policy  Premium                                           $3,593.00
Return  Premium  for Coverages  From 07/25/2011  to 05/20/2012             $218.00

See the **GENERAL POLICY INFORMATION**  section  for details  about  installment  fees.

This Coverage  Summary  provides  you with complete  policy  information  including  the above  changes  and
represents  your  coverages  currently  in effect.

## MOTOR VEHICLE PROTECTION                        (Coverage  applies  only  if a premium  or limit  is shown)

|  | Vehicle  1 | | Vehicle  2 | |
|---|---|---|---|---|
| Description: | 2005    CHEVROLET  MONTE CARLO | | 2004    DODGE TRUC DR1500 | |
| VIN: | 2G1WX12K959208751 | | 1D7HA16D14J190476 | |
| Rated Driver: | LINDA PFEIFER | | WALTER PFEIFER | |
| Use: | Pleasure | | Pleasure | |
| Class Code: | 2333 | | 2347 | |

| COVERAGES | LIMITS | PREMIUMS | LIMITS | PREMIUMS |
|---|---|---|---|---|
| BODILY INJURY | $100,000/300,000 | $221.00 | $100,000/300,000 | $291.00 |
| (per person/per  accident) | | | | |
| PROPERTY DAMAGE | $100,000 | $76.00 | $100,000 | $100.00 |
| (per accident) | | | | |
| MEDICAL EXPENSE | $1,000 | $12.00 | $1,000 | $11.00 |
| UNINSURED/UNDERINSURED | $15,000/30,000 | $See Below | $15,000/30,000 | $See Below |
| MOTORISTS | | | | |
| (per person/per  accident) | | | | |
| COMPREHENSIVE  (Comp) | | | $500 Deductible | $94.00 |
| **Premium  Per Vehicle** | | $309.00 | | $496.00 |

281266817

Cynthia H. Young
President

David R. Neely
Secretary

Continued  on Next Page

## USP Special Value – Package
## Amended Policy Coverage Summary

---

### MOTOR VEHICLE PROTECTION

(Coverage applies only if a premium or limit is shown)

|  | Vehicle 3 | Vehicle 5 |
|---|---|---|
| Description: | 2002   FORD TRUCK F150 | 2011   BMW 528I |
| VIN: | 1FTRX07282KE05072 | WBAFR1C5XBC746936 |
| Rated Driver: | GARRETT PFEIFER | RYAN PFEIFER |
| Use: | Work 0-3 | Pleasure |
| Class Code: | 2108 | 2108 |

| COVERAGES | LIMITS | PREMIUMS | LIMITS | PREMIUMS |
|---|---|---|---|---|
| BODILY INJURY (per person/per accident) | $100,000/300,000 | $380.00 | $100,000/300,000 | $279.00 |
| PROPERTY DAMAGE (per accident) | $100,000 | $138.00 | $100,000 | $103.00 |
| MEDICAL EXPENSE | $1,000 | $20.00 | $1,000 | $20.00 |
| UNINSURED/UNDERINSURED MOTORISTS (per person/per accident) | $15,000/30,000 | $See Below | $15,000/30,000 | $See Below |
| COMPREHENSIVE (Comp) | $500 Deductible | $64.00 | $500 Deductible | $145.00 |
| COLLISION (Coll) |  |  | $500 Deductible | $697.00 |
| **Premium Per Vehicle** |  | **$602.00** |  | **$1,244.00** |

Premium for all "Uninsured Motorists-type" coverages are shown separately.

| DISCOUNTS AND CHARGES | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 5 |
|---|---|---|---|---|
| Loss/Violation Free Discount | Applied | Applied | Applied | Applied |
| Youthful Good Student Discount |  |  | Applied | Applied |
| Anti-Lock Brake Discount | Applied | Applied | Applied | Applied |
| Passive Restraint Discount (Driver and Passenger side) | Applied | Applied | Applied | Applied |
| Anti-Theft Discount (Passive Device) |  | Applied | Applied |  |
| New Car Discount |  |  |  | Applied |
| Good Payer Discount | Applied | Applied | Applied | Applied |
| Homeownership Discount | Applied | Applied | Applied | Applied |
| Future Effective Date Discount | Applied | Applied | Applied | Applied |
| Encompass Easy Pay Plan Discount | Applied | Applied | Applied | Applied |
| Preferred Protection Discount | Applied | Applied | Applied | Applied |

### TOTAL VEHICLE(S) PREMIUMS AND CHARGES

**Discounts And Charges For All Vehicles**

| | |
|---|---|
| Package Discount | Applied |
| Uninsured/Underinsured Motorists Premium for all Vehicles | $150.00 |
| **Your Total Premium For All Vehicles** | **$2,801.00** |

281266817

Continued on Next Page

# USP Special Value - Package
# Amended Policy Coverage Summary

## MOTOR VEHICLE PROTECTION

(Coverage applies only if a premium or limit is shown)

### DRIVER INFORMATION

| Name | | Date Licensed | Date of Birth |
|------|---|---------------|---------------|
| 01 | LINDA PFEIFER | 02/09/1975 | |
| 02 | WALTER PFEIFER | 02/19/1970 | |
| 03 | GARRETT PFEIFER | 07/10/2003 | |
| 04 | RYAN PFEIFER | 07/10/2003 | |

## HOME PROTECTION

(Coverage applies only if a premium or limit is shown)

Residence 1 · Description: 1539 BOUNDARY PEAK, LAS VEGAS, NV 89135

Residence 1 shown on the declarations page is 1000 feet from a fire hydrant, and within 05 miles of the fire department.

| COVERAGES | LIMITS | PREMIUMS |
|-----------|--------|----------|
| PROPERTY LOCATION LIMIT | $494,820 | $792.00 |
| The property location limit is the sum of the individual limits of your dwelling, tangible personal property and other structures for this residence. | | |
| Property Deductible | $1,000 | |
| Estimated Residence Value of $ 274,600 | | |
| | | |
| Dwelling (100% of estimated residence value) | $274,600 | $Included |
| Other Structures (10% of estimated residence value) | $28,000 | $Included |
| Tangible Personal Property (70% of estimated residence value) | $192,220 | $Included |
| LOSS OF USE | Per Policy | $Included |
| | | |
| PERSONAL LIABILITY | $300,000 | $Included |
| MEDICAL EXPENSES | $1,000 | $Included |
| | | |
| PERSONAL PROPERTY REPLACEMENT COST | Per Policy | $Included |
| THEFT COVERAGE: JEWELRY, WATCHES, FURS, STONES | | $Included |
| Excludes misplacing or losing of jewelry, watches, stones $1000 Limit | | |

| Total Residence Premium | $792.00 |
|-------------------------|---------|

## MORTGAGEE/OTHER INTERESTED PARTIES INFORMATION

| Residence 1 | Loan Number | Type of Interest |
|-------------|-------------|------------------|
| WALTER PFEIFER ISAOA/ATIMA | 1539 | Mortgagee |
| 1539 BOUNDARY PEAK | | |
| LAS VEGAS NV 89135-1041 | | |

281266817

Continued on Next Page

# USP Special Value - Package
# Amended Policy Coverage Summary

## HOME PROTECTION                    (Coverage applies only if a premium or limit is shown)

### DISCOUNTS AND CHARGES          Residence 1

| | |
|---|---|
| Burglar Alarm Discount (central station reporting) | Applied |
| Fire Alarm Discount (central station reporting) | Applied |

### TOTAL HOME(S) PREMIUMS AND CHARGES

Discounts And Charges For All Homes
Package Discount                                                                Applied

Your Total Premium For All Homes                                      $792.00

## GENERAL POLICY INFORMATION

The coverages and limits shown here are subject to the restrictions, conditions, and exclusion of the policy and its endorsements.

### YOUR POLICY IS SUBJECT TO THE FOLLOWING FORMS AND ENDORSEMENTS

| | |
|---|---|
| G1-72262-A (01-07) | GENERAL PROVISIONS |
| G1-72615-A (06-07) | UNINSURED/UNDERINSURED MOTORISTS COVERAGE - NEVADA |
| G1-72616-A (06-07) | SPECIAL VALUE - HOME - NEVADA |
| G1-72617-A (06-07) | SPECIAL VALUE - MOTOR VEHICLE - NEVADA |
| G1-74083-A (12-08) | AMENDMENT OF SPECIAL VALUE MOTOR VEHICLE PROVISIONS - NEVADA |
| G1-74673-A (11-09) | INTRODUCTION |
| G1-74674-A (11-09) | REGISTERED DOMESTIC PARTNERSHIP OR CIVIL UNION ENDORSEMENT |
| 4-38BFU-NS (05-42) | LENDERS LOSS PAYABLE ENDORSEMENT |

### PLEASE READ THIS IMPORTANT INFORMATION CONCERNING YOUR POLICY

| | |
|---|---|
| G1-36260-A (10-99) | REGARDING THE GENERAL PREMIUM TAX |
| G1-40173-C (02-09) | ENCOMPASS INSURANCE PRIVACY POLICY FOR CUSTOMERS |
| G1-71157-A (09-04) | THE LOCATION OF YOUR PROPERTY AND THE RATE YOU HAVE BEEN CHARGED |
| G1-71197-A (10-04) | IMPORTANT CLAIM REPORTING INFORMATION |
| G1-71978-A (10-06) | INFORMATION REGARDING THE HOME BUYER DISCOUNT |
| G1-71990-A (10-06) | INFORMATION REGARDING THE HOMEOWNERSHIP DISCOUNT |
| G1-74503-A (08-09) | IMPORTANT NOTICE ABOUT RENEWAL DOWN PAYMENTS |
| G1-74515-B (01-10) | IMPORTANT NOTICE ABOUT THE ENCOMPASS PREFERRED PROTECTION DISCOUNT |
| G1-74675-A (11-09) | CHANGES TO YOUR POLICY |

281266817

Continued on Next Page

# USP Special Value - Package
# Amended Policy Coverage Summary

## GENERAL POLICY INFORMATION

### PLEASE READ THIS IMPORTANT INFORMATION CONCERNING YOUR POLICY

| | |
|---|---|
| G1-74735-A (05-10) | FEATURES AND BENEFITS |
| G1-74844-A (10-10) | IMPORTANT INFORMATION REGARDING INCIDENTS AND THEIR IMPACT ON PREMIUM |
| G1-74845-A (10-10) | IMPORTANT INFORMATION REGARDING CLAIMS AND THEIR IMPACT ON YOUR PREMIUM |
| G-18874-C (04-09) | NEVADA MOTOR VEHICLE MEDICAL EXPENSE AND UNINSURED MOTORISTS SELECTION |
| *G-41370-G (09-10) | YOUR AUTO ID CARD |
| 9-23210-E (04-00) | RENTAL AUTOMOBILE COVERAGE NOTICE |

The forms marked with "*" reflect revised or new forms included with this coverage summary.

If you decide to pay your premium in installments, there will be a $ 5.00 installment fee charge for each payment due. If you make 12 installment payments during the policy period, and do not change your payment plan method, then the total amount of installment fees during the policy period will be $ 60.00 .

If you are on the Encompass Easy Pay Plan, there will be a $ 1.00 installment fee charge for each payment due. If you make 12 installment payments during the policy period, and remain on the Encompass Easy Pay Plan, then the total amount of installment fees during the policy period will be $ 12.00 .

If you change payment plan methods or make additional payments, your installment fee charge for each payment due and the total amount of installment fees during the policy period may change or even increase. Please note that the Encompass Easy Pay Plan allows you to have your insurance payments automatically deducted from your checking or savings account.

## SUMMARY OF YOUR POLICY'S PREMIUMS

| Coverage Type | Premium |
|---|---|
| Motor Vehicle | $2,801.00 |
| Home | $792.00 |
| **Total For All Exposures** | $3,593.00 |

For any insurance need, or questions on your policy, contact your independent agent, whose name and number are shown on the first page of this Coverage Summary.

281266817



Your Policy

# SPECIAL VALUE - MOTOR VEHICLE - NEVADA

## TABLE OF CONTENTS

|  | Page |
|---|---|
| Definitions | 1 |
| Personal Liability - Motor Vehicle | 3 |
|     Insuring Agreement | 3 |
|     Limit of Liability | 3 |
|     Other Payments We Make | 4 |
|     Losses We Do Not Cover | 5 |
|     Suit Against Us | 7 |
| Medical Expense - Motor Vehicle | 7 |
|     Insuring Agreement | 7 |
|     Limit of Liability | 7 |
|     Losses We Do Not Cover | 8 |
|     Suit Against Us | 9 |
| How We Settle Personal Liability - Motor Vehicle and Medical Expense - Motor Vehicle Claims and What You Must Do | 9 |
|     Your Duties After Loss | 9 |
|     Duties of an Injured Person | 10 |
| Physical Damage - Motor Vehicle | 10 |
|     Insuring Agreement | 10 |
|     Limit of Liability | 11 |
| Physical Damage Losses We Do Not Cover | 11 |
| How We Settle Physical Damage Claims and What You Must Do | 13 |
|     How We Pay Claims | 13 |
|     Appraisal | 13 |
|     Your Duties After Loss | 13 |
|     Who We Pay | 13 |
|     No Benefit To Bailee | 14 |
|     Suit Against Us | 14 |
|     Abandonment of Property | 14 |
|     Authorization To Move Salvage | 14 |
| General Provisions - Motor Vehicle | 14 |
|     Termination | 14 |
|     Other Insurance | 15 |
|     Territory | 16 |
|     Loss Payable Clause | 16 |
|     The Law | 17 |
|     Subrogation | 17 |
|     Changes During the Policy Period | 17 |
|     Two or More Motor Vehicle Policies | 18 |
|     Conditional Reinstatement | 18 |
|     Suit Against Us | 18 |
|     Arbitration | 18 |
|     What Law Will Apply | 19 |
|     Where Lawsuits May Be Brought | 19 |

G1-72617-A Ed. 06-07

Dott Messier

OCT 0 9 2013

## Your Policy

---

### SPECIAL VALUE - MOTOR VEHICLE - NEVADA

---

**DEFINITIONS**

In this **"MOTOR VEHICLE"** Segment, certain words and phrases are italicized, which identifies them as having specific meaning for this **"MOTOR VEHICLE"** Segment. The meaning of each italicized word or phrase is provided in the **Definitions** below.

1. **Accident** means an event that unexpectedly, unintentionally, and instantly causes *bodily injury* or *property damage* during the policy period.

2. **Automobile** means:

   a. A private passenger car; or

   b. A pickup or van that:

      (1) Has a Gross Vehicle Weight of 10,000 lbs or less; and

      (2) Is not used for the delivery or transportation of goods and materials unless such use is:

         (a) Incidental to your *business* of installing, maintaining or repairing furnishings or equipment; or

         (b) For farming or ranching.

   The term *automobile* does not include a motor home.

3. **Bodily Injury** means bodily harm, sickness or disease, including death resulting therefrom. *Bodily Injury* does not include any communicable disease, such as:

   a. Any venereal disease;

   b. Herpes;

   c. Acquired Immune Deficiency Syndrome (AIDS);

   d. AIDS Related Complex (ARC);

   e. Human Immunodeficiency Virus (HIV);

   or any resulting or related symptom, effect, condition, disease or illness.

4. **Business** includes trade, profession or occupation.

5. **Collision** means the upset or contact of a covered *motor vehicle* or *non-owned automobile* with another *motor vehicle* or object.

   If breakage of glass is caused by a *collision*, the *covered person* may elect to have it considered a loss caused by *collision*.

6. **Comprehensive** means loss caused by other than *collision*, to a covered *motor vehicle* or *non-owned automobile*.

   For example, loss caused by the following is considered *comprehensive*:

   a. Missiles or falling objects;

   b. Fire;

   c. *Theft* or larceny;

   d. Explosion or earthquake;

   e. Windstorm;

   f. Hail, water or flood;

   g. Malicious mischief or vandalism;

   h. Riot or civil commotion;

   i. Contact with bird or animal; or

   j. Breakage of glass.

7. **Covered Person(s):**

   a. Under **Personal Liability - Motor Vehicle** means:

      (1) **You** or any *family member* for the ownership, maintenance or use of any covered *motor vehicle*.

      (2) Any other person *occupying* or using any covered *motor vehicle* with permission from you or a *family member*.

      (3) With respect to a covered *motor vehicle* that you own or that is shown on the Coverage Summary, any person or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**Your Policy**

organization legally responsible but only for acts or omissions of any person included in 7.a.(1) above.

(4) With respect to a covered *motor vehicle*, other than one described in 7.a.(3) above, any person or organization legally responsible but only for acts or omissions of any person included in 7.a.(1) above. This provision applies only if the person or organization does not own or hire the *motor vehicle*.

b. Under **Medical Expense - Motor Vehicle** means:

(1) You or a *family member*:

(a) While *occupying*; or

(b) As a pedestrian when struck by;

a *motor vehicle*.

(2) Any other person while *occupying*:

(a) A *motor vehicle* shown in the Coverage Summary or any trailer that you own;

(b) An additional *motor vehicle* when you ask us to insure it within the 30 day period after you become the owner and coverage has been agreed to by us;

(c) A *motor vehicle* that replaces one shown in the Coverage Summary when you ask us to insure it within the 30 day period after you become the owner and coverage has been agreed to by us; or

(d) Any *motor vehicle* used as a temporary substitute for a covered *motor vehicle* of the same type shown on the Coverage Summary which is out of normal use because of its:

(i) Breakdown;

(ii) Repair;

(iii) Servicing;

(iv) Loss; or

(v) Destruction.

8. **Custom** means features and equipment not installed by the manufacturer of the *motor vehicle* at the time of the original sale. This includes but is not limited to:

a. Special carpeting and insulation, furniture or bars;

b. Facilities for cooking and sleeping;

c. Height-extending roofs;

d. *Custom* murals, paintings or other decals or graphics; and

e. Altered suspension.

*Custom* does not include electronic equipment that reproduces, receives or transmits audio, visual or data signals.

9. **Family Member** means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

For the purposes of this definition, to be considered a resident of your household when evaluating coverage for a loss a person must have been actually residing in your household on the date the loss occurred. However, your:

a. Son;

b. Daughter;

c. Ward; or.

d. Foster child;

in the United States military or away at school will be considered a resident of your household unless he or she has demonstrated an intent to reside elsewhere permanently.

10. **Medical Expenses** means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

11. **Motor Vehicle** means:

a. An *automobile*.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

b. Any other motorized land *motor vehicle* designed for travel on public roads and subject to private passenger *motor vehicle* registration.

c. A trailer type vehicle designed to be pulled by a private passenger *motor vehicle*. This includes a farm wagon or farm implement while towed by a *motor vehicle* classified in a. or b. above.

d. A motorized golf cart, snowmobile or other motorized land *motor vehicle* owned by you or any *covered person* and designed for recreational use off public roads.

e. Any *motor vehicle* while being towed by or carried on a *motor vehicle* included in 11.a., 11.b., 11.c. or 11.d.

12. **Non-owned automobile** means:

a. Any *automobile* or trailer not owned by or furnished or available for the regular use of you or any *family member* while in the custody of or being operated by you or any *family member*;

b. Any *motor vehicle* used as a temporary substitute for a covered *motor vehicle* of the same type shown on the Coverage Summary which is out of normal use because of its:

   (1) breakdown;

   (2) repair;

   (3) servicing;

   (4) loss; or

   (5) destruction.

13. **Occupying** means in, upon, or getting in, out, on or off.

14. **Property Damage** means physical injury to or destruction of property including loss of use of the property.

15. **Theft** refers to property which has been stolen, attempted *theft* and the loss of property from a known location where it is likely that the property has been stolen.

**PERSONAL LIABILITY - MOTOR VEHICLE INSURING AGREEMENT**

If a claim or suit is brought against you or any *covered person* for:

1. *Bodily Injury*; or

2. *Property Damage*;

caused by a *motor vehicle accident*, we will pay, except as excluded by the provisions listed in the **Personal Liability - Losses We Do Not Cover**, on your behalf:

1. Damages for which you or any *covered person* are legally liable; and

2. Damages including prejudgment interest awarded against you or any *covered person*;

up to our limit of liability.

**LIMIT OF LIABILITY**

1. PERSONAL LIABILITY - THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR "BODILY INJURY PER PERSON" IS OUR TOTAL LIMIT OF LIABILITY FOR DAMAGES BECAUSE OF *BODILY INJURY* SUSTAINED BY ANY ONE PERSON IN ANY ONE *MOTOR VEHICLE ACCIDENT*, INCLUDING DAMAGES SUSTAINED BY ANYONE ELSE AS A RESULT OF THAT *BODILY INJURY*.

SUBJECT TO THIS LIMIT FOR EACH PERSON, THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR "BODILY INJURY PER ACCIDENT" IS OUR TOTAL LIMIT OF LIABILITY FOR ALL DAMAGES FOR *BODILY INJURY* SUSTAINED BY TWO OR MORE PERSONS IN ANY ONE *MOTOR VEHICLE ACCIDENT*.

THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR "PROPERTY DAMAGE PER ACCIDENT" IS OUR TOTAL LIMIT OF LIABILITY FOR ALL *PROPERTY DAMAGE* RESULTING FROM ANY ONE *MOTOR VEHICLE ACCIDENT*.

THIS IS THE MOST WE WILL PAY REGARDLESS OF THE NUMBER OF:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## Your Policy

a. *COVERED PERSONS;*

b. CLAIMS OR SUITS MADE;

c. *MOTOR VEHICLES* INVOLVED IN AN *ACCIDENT* OR SHOWN IN THE COVERAGE SUMMARY;

d. PERSONS WHO SUSTAIN INJURY OR DAMAGE;

e. *MOTOR VEHICLES* INSURED BY THIS OR ANY OTHER POLICY ISSUED BY US OR OTHERS; OR

f. PREMIUMS PAID FOR THIS COVERAGE.

2. MOTORCYCLE GUEST PASSENGER LIABILITY - THIS LIMIT OF LIABILITY WILL APPLY FOR ANY PERSON *OCCUPYING*, AS A PASSENGER, A COVERED MOTORCYCLE.

THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR EACH PERSON FOR "MOTORCYCLE GUEST PASSENGER LIABILITY, PER PERSON" IS OUR TOTAL LIMIT OF LIABILITY FOR ALL DAMAGES BECAUSE OF *BODILY INJURY* SUSTAINED BY ANY ONE PERSON IN ANY ONE *MOTOR VEHICLE ACCIDENT*, INCLUDING DAMAGES SUSTAINED BY ANYONE ELSE AS A RESULT OF THAT *BODILY INJURY*.

SUBJECT TO THIS LIMIT FOR EACH PERSON, THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR "MOTORCYCLE GUEST PASSENGER LIABILITY, PER ACCIDENT" IS OUR TOTAL LIMIT OF LIABILITY FOR ALL DAMAGES FOR *BODILY INJURY* SUSTAINED BY TWO OR MORE PERSONS IN ANY ONE *MOTOR VEHICLE ACCIDENT*.

THIS IS THE MOST WE WILL PAY REGARDLESS OF THE NUMBER OF:

a. *COVERED PERSONS;*

b. CLAIMS OR SUITS MADE;

c. *MOTOR VEHICLES* INVOLVED IN AN *ACCIDENT* OR SHOWN IN THE COVERAGE SUMMARY;

d. PERSONS WHO SUSTAIN INJURY OR DAMAGE;

e. *MOTOR VEHICLES* INSURED BY THIS OR ANY OTHER POLICY ISSUED BY US; OR

f. PREMIUMS PAID FOR THIS COVERAGE.

We will defend or settle any claim or suit as we decide is appropriate even if the claim or suit is groundless, false or fraudulent. We have no duty to defend any suit or settle any claim for *bodily injury* or *property damage* not covered under this "*MOTOR VEHICLE*" Segment.

No one will be entitled to receive payment for the same elements of loss under this coverage and:

1. Medical Expense Coverage; or

2. Uninsured/Underinsured Motorists Coverage;

provided by this policy.

## FINANCIAL RESPONSIBILITY

When this policy is certified as proof under any motor vehicle financial responsibility law, this policy will comply with the provisions of that law. We will not void the first $15,000 of bodily injury liability per person, $30,000 of bodily injury liability per accident and $10,000 of property damage liability per accident.

## OTHER PAYMENTS WE MAKE

In addition to the limit of liability shown in the Coverage Summary, we pay on behalf of the *covered person*:

1. Up to $250 for the cost of bail bonds required because of an *accident*, including related traffic law violations. The *accident* must result in a *bodily injury* or *property damage* loss which is covered under this "*MOTOR VEHICLE*" Segment.

2. The expenses described below for a claim or suit we are obligated to defend:

a. Defense costs incurred at our discretion;

b. Premiums on appeal bonds and bonds to release attachments in any suit we defend; we have no obligation to secure or provide bonds;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## Your Policy

c. Up to $50 a day for loss of earnings, but not other income, because of attendance at hearings or trials at our request;

d. Other reasonable expenses (other than loss of earnings) incurred at our request;

e. Expenses incurred by us and costs taxed against any *covered person* in any suit we defend; and

f. For first aid administered to others at the scene of a *motor vehicle accident*.

3. Interest accruing after a judgment is entered and before the loss is paid in any suit we defend. Our duty to pay interest ends when we offer to pay that part of the judgment which does not exceed our limit of liability for this coverage.

We are not obligated to defend suits brought against a *covered person* in any country where we are prevented from defending because of laws or other reasons. However, we will pay any expense incurred with our written consent for the *covered person's* defense.

Our obligation to pay the above costs ends when our limit of liability has been exhausted.

### LOSSES WE DO NOT COVER

We do not provide **Personal Liability - Motor Vehicle** coverage for:

1. *Bodily injury* or *property damage* involving intentional acts or omissions or at the direction of one or more *covered persons*, if the loss that occurs:

   a. May reasonably be expected to result from such acts; or

   b. Is the intended result of such acts.

2. Use of a *motor vehicle* without a reasonable belief that the *covered person* is entitled to do so.

3. Any *covered person* for *property damage* to property owned or being transported by any *covered person*.

4. *Property damage* to property:

   a. Rented to;

b. Used by; or

c. In the care of;

any *covered person*.

This exclusion does not apply to *property damage* to a residence or private garage.

5. Liability arising out of the ownership or operation of a *motor vehicle* while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

6. Any *covered person* while employed or otherwise engaged in the *business* of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   *motor vehicles* designed for use mainly on public highways. This includes testing and delivery. This exclusion does not apply to the ownership, maintenance or use of a covered *motor vehicle* by:

   a. You;

   b. Any *family member*; or

   c. Any partner, agent or employee of you or any *family member*.

7. The maintenance or use of any *motor vehicle* while a *covered person* is employed or otherwise engaged in any *business* (other than farming or ranching) not described in exclusion 6. This exclusion (7.) does not apply to the maintenance or use of an:

   a. *Automobile*; or

   b. Trailer used with an *motor vehicle* described in 7.a. above.

8. *Bodily injury* to you or any *family member*. This exclusion also applies to any claim made or suit brought against any *covered person*:

   a. To repay; or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## Your Policy

b. Share damages with;

another person who may be obligated to pay damages because of *bodily injury* to a *covered person*.

9. The ownership, maintenance or use of any *motor vehicle* other than:

   a. A *motor vehicle* shown in the Coverage Summary or any trailer that you own.

   b. An additional *motor vehicle* when you ask us to insure it within the 30 day period after you become the owner and coverage has been agreed to by us.

   If there is loss to an additional *motor vehicle* we will provide the broadest coverage applicable to any *motor vehicle* shown in the Coverage Summary.

   c. A *motor vehicle* that replaces one shown in the Coverage Summary.

   The replacement *motor vehicle* will have the same coverage as the *motor vehicle* it replaced.

   d. Any *motor vehicle* used as a temporary substitute for a covered *motor vehicle* of the same type shown on the Coverage Summary which is out of its normal use because of its:

      (1) Breakdown;

      (2) Repair;

      (3) Servicing;

      (4) Loss; or

      (5) Destruction.

   e. Only for you or a *family member*, any *automobile* or trailer not owned by or furnished or available for the regular use of you or any *family member*.

   f. A *motor vehicle* you maintain or use which is:

      (1) owned by a *family member* and not shown in the coverage summary; or

      (2) furnished or available for the regular use of any *family member*.

10. The liability of:

    a. Any *covered person(s)*; or

    b. Anyone while maintaining or using *motor vehicle(s)*;

    excluded from coverage by endorsements attached to this policy.

11. *Bodily injury* or *property damage* arising out of the participation in any prearranged, organized or spontaneous:

    a. Racing contest;

    b. Speed contest;

    c. Demolition contest;

    d. Stunt contest;

    e. Use of a *motor vehicle* at a track or course designed or used for racing or high performance driving; or

    in practice or preparation for any contest of this type.

12. *Bodily injury* or *property damage* for which any *covered person*:

    a. Is also an insured under a nuclear energy liability policy; or

    b. Would be an insured under that policy but for its termination upon the exhaustion of its limit of liability.

    A nuclear energy liability policy is one issued by:

    a. American Nuclear Insurers;

    b. Mutual Atomic Energy Liability Underwriters;

    c. Nuclear Insurance Association of Canada;

    or any of their successors.

13. Liability from or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

14. Punitive or exemplary damages or the cost of defense related to such damages.

15. Loss resulting from criminal acts or omissions of or at the direction of one or more *covered persons*. This exclusion applies even if:

    a. Such *covered person* lacks the mental capacity to govern his or her conduct; and

    b. Such *covered person* is not actually charged with or convicted of a crime.

    However, this exclusion does not apply to a criminal act or omission that is a violation of a traffic law or *motor vehicle* law.

### SUIT AGAINST US

No *covered person* may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Personal Liability - Motor Vehicles**, unless there is full compliance with all policy terms and such action is commenced no later than the last of the following to occur:

1. Two years after the date of the *accident*;

2. One year after entry of final judgment or other court order terminating a lawsuit against the *covered person* to determine the *covered person's* liability or the amount of the *covered person's* liability arising out of the *accident*;

3. One year after we agree to a settlement; or

4. If we have denied coverage and the *covered person* has thereafter settled with the claimant without any lawsuit being filed to determine the *covered person's* liability or the amount of the *covered person's* liability arising out of the *accident*, within one year after the denial of coverage.

If the *covered person* is subjected to claims arising out of the same *accident* by more than one person claiming *bodily injury* or *property damage*, the time for the *covered person* to bring an action against us shall be determined separately as to the coverage sought or provided with respect to the claims of each of those claiming against the *covered person*.

If liability has been determined by judgment after trial, or by written agreement among the *covered person*, the other person, and us, then whoever obtains this judgment or agreement against a *covered person* may sue us up to the limits of this policy. However, no one has the right to join us in a suit to determine legal responsibility of a *covered person*.

### MEDICAL EXPENSE - MOTOR VEHICLE INSURING AGREEMENT

We will pay *medical expenses* incurred or medically ascertained within one year from the date of the *accident* except as excluded by the provisions listed in the Medical Expense - Losses We Do Not Cover. Medical Expense - Motor Vehicles applies to *bodily injury* caused by a *motor vehicle accident* and sustained by a *covered person*.

### LIMIT OF LIABILITY

1. THE LIMIT OF LIABILITY SHOWN IN THE COVERAGE SUMMARY FOR "MEDICAL EXPENSE" IS OUR MAXIMUM LIMIT OF LIABILITY FOR EACH PERSON INJURED IN ANY ONE *ACCIDENT*. THIS IS THE MOST WE PAY REGARDLESS OF THE NUMBER OF:

    a. *COVERED PERSONS*;

    b. CLAIMS OR SUITS MADE;

    c. *MOTOR VEHICLES* INVOLVED IN AN *ACCIDENT* OR SHOWN IN THE COVERAGE SUMMARY;

    d. PERSONS WHO SUSTAIN INJURY OR DAMAGE; or

    e. *MOTOR VEHICLES* INSURED BY THIS OR ANY OTHER POLICY ISSUED BY US OR OTHERS.

2. Within the provisions of **Medical Expense - Motor Vehicle**, we cover funeral service expenses, as follows. If an injured person dies as the result of a covered *motor vehicle accident*, we will pay the lesser of the following as a funeral service expenses benefit:

    a. $2,000;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

b. The "Medical Expense" limit of liability stated on the Coverage Summary; or

c. The remaining portion of the "Medical Expense" limit of liability not expended for other covered *medical expenses*.

This funeral service expenses benefit does not increase, and will not be paid in addition to, the limits of liability stated on the Coverage Summary for "Medical Expense". This benefit is payable to the deceased injured person's spouse if a resident of the same household at the time of the *accident*. However, if the deceased is a minor, the benefit is payable to any parent who is a resident of the same household at the time of the *accident*. In all other cases, the benefit is payable to the deceased injured person's estate.

3. *Medical Expense* benefits, other than funeral service expenses benefits, will be reduced by:

a. Amounts payable under any workers' compensation law or similar law.

b. Amounts received from others, including their insurers, who may be legally responsible for the injuries. This reduction applies only to amounts that are a duplication of payment for the same loss.

c. Amounts of other similar, collectible *motor vehicle* medical insurance benefits available to the injured person.

4. No one will be entitled to receive duplicate payments for the same elements of loss under this coverage and:

a. **Personal Liability** coverage; or

b. **Uninsured/Underinsured Motorists** coverage;

provided by this policy.

### Unreasonable or Unnecessary Medical Expenses

If the *covered person* incurs *medical expenses* which are unreasonable or unnecessary, we may refuse to pay those *medical expenses* and contest them. Unreasonable *medical expenses* are fees for medical services which are substantially higher than the usual and customary charges for those services.

Unnecessary *medical expenses* are fees for medical services which are not usually and customarily performed for treatment of the injury, including fees for an excessive number, amount or duration of medical services.

If the *covered person* is sued by a medical services provider because we refuse to pay contested *medical expenses*, we will pay all defense costs and any resulting judgment against the *covered person*. We will choose the counsel. The *covered person* must cooperate with us in the defense of any claim or lawsuit. If we ask the *covered person* to attend hearings or trials, we will provide the coverage described in 2.c., **Personal Liability - Motor Vehicle, Other Payments We Make.** We will also pay other reasonable expenses incurred at our request.

### LOSSES WE DO NOT COVER

We do not provide **Medical Expense - Motor Vehicle Coverage** for *bodily injury*:

1. Involving intentional acts or omissions of or at the direction of one or more *covered persons*, if the loss that occurs:

a. May reasonably be expected to result from such acts; or

b. Is the intended result of such acts.

2. Sustained while using a *motor vehicle* without a reasonable belief that the *covered person* is entitled to do so.

3. Sustained while *occupying* a covered *motor vehicle* while it is being used as a public or livery conveyance. This exclusion does not apply to a share-the-expense car pool.

4. Sustained while *occupying* a *motor vehicle* when it is being used in the *business* of any *covered person*. This exclusion does not apply to the *bodily injury* sustained while *occupying* an:

a. *Automobile*; or

b. Trailer used with an *automobile*.

5. Arising out of the participation in any prearranged, organized or spontaneous:

a. Racing contest;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

b. Speed contest;

c. Demolition contest;

d. Stunt contest;

e. Use of a *motor vehicle* at a track or course designed or used for racing or high performance driving; or

in practice or preparation for any contest of this type.

6. Caused directly or indirectly by:

   a. War, including undeclared war;

   b. Civil war;

   c. Insurrection;

   d. Rebellion or revolution;

   e. Warlike act by a military force or military personnel;

   f. Destruction or seizure or use for a military purpose; or

   g. Discharge of a nuclear weapon, even if accidental;

   including any consequence of any of these.

7. Sustained while *occupying* any *motor vehicle* located for use as a residence or premises.

8. Sustained while *occupying*, or when struck by, any *motor vehicle* (other than a *motor vehicle* covered under personal liability - motor vehicle) which is:

   a. Owned by you; or

   b. Furnished or available for your regular use.

9. Sustained while *occupying*, or when struck by, any *motor vehicle* (other than a *motor vehicle* covered under personal liability - motor vehicle) which is:

   a. Owned by any *family member*; or

   b. Furnished or available for the regular use of any *family member*.

   However, this exclusion (9.) Does not apply to you.

10. Resulting from or as a consequence of the following, whether controlled or uncontrolled or however caused:

    a. Nuclear reaction;

    b. Radiation; or

    c. Radioactive contamination.

11. Sustained by:

    a. Any *covered person*; or

    b. Anyone while *occupying* any *motor vehicle*;

    excluded from coverage by endorsements attached to this policy.

12. Resulting from criminal acts or omissions of or at the direction of one or more *covered persons*. This exclusion applies even if:

    a. Such *covered person* lacks the mental capacity to govern his or her conduct; and

    b. Such *covered person* is not actually charged with or convicted of a crime.

    However, this exclusion does not apply to a criminal act or omission that is a violation of a traffic law or *motor vehicle* law.

### SUIT AGAINST US

No one may bring an action against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Medical Expenses - Motor Vehicle**, unless there is full compliance with all policy terms and such action is commenced within one year after the date the expenses for which coverage is sought were actually incurred by a *covered person*.

### HOW WE SETTLE PERSONAL LIABILITY - MOTOR VEHICLE AND MEDICAL EXPENSE - MOTOR VEHICLE CLAIMS AND WHAT YOU MUST DO

1. **Your Duties After Loss.**

   After an *accident*, you and any other *covered person* under this policy must make sure that all of the following are done. We have no duty to

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

Page 9 of 19

## Your Policy

provide coverage under this policy unless there has been full compliance with these duties;

a. Give us or our agent as soon as possible:

   (1) All information you know on the time, place and circumstances of the *accident*, and in the case of a crime also tell the police.

   (2) Identity of claimants, witnesses and *covered persons*.

b. Forward to us all written material you receive regarding the *accident*.

c. At our request, assist us in:

   (1) Making settlement;

   (2) Conducting suits and attending hearings or trials;

   (3) Securing and giving evidence; and

   (4) Enforcing any right of contribution or indemnity against any person or organization who may be liable to a *covered person*;

d. You or any other *covered person* shall not, except at your own cost, voluntarily make any payment, assume any obligation or incur any expense other than first aid to others.

e. Cooperate with us in the investigation, settlement or defense of any claim or suit.

2. **Duties of an Injured Person.**

The injured person shall:

a. Give us written proof of claim;

b. Authorize us to obtain medical information and other pertinent records;

c. As often as we reasonably require:

   (1) Submit to physical examination by a physician of our choice; and

   (2) Submit to examination under oath, while not in the presence of any other *covered person* and sign the same; and

d. Not construe payment of medical claims as an admission of liability.

### PHYSICAL DAMAGE - MOTOR VEHICLE INSURING AGREEMENT

1. We will pay for direct physical loss to the *motor vehicles* shown in the Coverage Summary, including their equipment, less any applicable deductible shown in the Coverage Summary. We will pay for loss caused by:

a. *Comprehensive* only if the Coverage Summary indicates that "Comprehensive" is provided for that *motor vehicle*; and

b. *Collision* only if the Coverage Summary indicates that "Collision" is provided for that *motor vehicle.*

If you incur damage to your windshield due to a covered *comprehensive* loss and you choose to repair your windshield rather than replace it, we will waive your *comprehensive* deductible.

2. We will cover additional *motor vehicles* for 30 days after you become the owner, provided all the other *motor vehicles* owned by you are covered by us, unless excluded by endorsement.

If there is a loss to an additional *motor vehicle* we will provide the broadest coverage applicable to any *motor vehicle* shown in the Coverage Summary.

For coverage beyond the 30 days you must have asked us to insure the *motor vehicle* and we must have agreed to provide coverage.

3. We will cover *non-owned automobiles*. If there is a loss to a *non-owned automobile* we will provide the broadest coverage applicable to any *motor vehicle* shown in the Coverage Summary. However, the most we will pay for loss to a *non-owned automobile* which is a trailer, is $500.

4. We will cover *motor vehicles* that replace one shown in the Coverage Summary. The replacement *motor vehicle* will have the same coverage as the *motor vehicle* it replaced. However, if:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## Your Policy

a. You wish to add or continue **collision** or **comprehensive** coverage for the replacement **motor vehicle**; or

b. The replacement **motor vehicle** is a pickup or van used in any **business**, other than farming or ranching; then

you must have asked us to insure it within 30 days after you become the owner and we must have agreed to provide coverage.

If loss to more than one covered **motor vehicle** or **non-owned automobile** results from the same covered loss, only the highest applicable deductible will apply.

### LIMIT OF LIABILITY

Our limit of liability for loss will be the lesser of:

1. The actual cash value of the property or damaged part of the property at the time of loss, which may include a deduction for depreciation; or

2. The cost to repair or replace the property or part to its physical condition at the time of loss using parts produced by or for the **motor vehicle's** manufacturer, or parts from other sources, including, but not limited to, non-original equipment manufacturers, subject to applicable state laws and regulations.

Any applicable deductible amount is then subtracted.

If we, at our option, elect to pay for the cost to repair or replace the property or part, our liability does not include any decrease in the property's value, however measured, resulting from the loss and/or repair or replacement.

If we, at our option, elect to pay for the cost to repair or replace the property or part, we may make betterment deductions attributable to the poorer condition of, or prior damage to, the covered **motor vehicle**. We may also deduct for betterment if the deductions are for prior wear and tear, missing parts and rust damage that is reflective of the general overall condition of the **motor vehicle** considering its age.

### PHYSICAL DAMAGE LOSSES WE DO NOT COVER

We will not pay for:

1. Damage due and confined to:

   a. Freezing;

   b. Wear and tear;

   c. Electrical or mechanical breakdown or failure; or

   d. Road damage to tires.

   This exclusion (**1.**) does not apply if the damage results from the total **theft** of a covered **motor vehicle** or any **non-owned automobile**.

2. Loss or damage due to neglect, meaning neglect of you or a **family member** to use all reasonable means to save and preserve property at and after the time of a loss.

3. Loss to any **non-owned automobile** when used by you or a **family member** without a reasonable belief that the person is entitled to do so.

4. Loss to any **non-owned automobile** being maintained or used by any person while employed or otherwise engaged in the **business** of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Storing; or

   e. Parking;

   **motor vehicles** designed for use on public highways. This includes road testing and delivery.

5. Loss to any **non-owned automobile** being maintained or used by any person while employed or otherwise engaged in any **business** not described in exclusion 4. This exclusion (**5.**) does not apply to the maintenance or use by you or a **family member** of a **non-owned automobile** which is a private passenger **automobile** or trailer.

6. Loss to a covered **motor vehicle** or any **non-owned automobile** which occurs while it is being used as a public or livery conveyance. This

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

exclusion does not apply to a share-the-expense car pool.

7. A total loss to a covered *motor vehicle* or a *non-owned automobile* due to destruction or confiscation by governmental or civil authorities.

   This exclusion (7.) does not apply to the interest of lienholders in a covered *motor vehicle*.

8. Loss or damage to any *custom* furnishings or equipment in or upon any *motor vehicle*, shown in the Coverage Summary, unless the Coverage Summary indicates that "Customization" is provided for that *motor vehicle*.

9. Loss to:

   a. Any electronic equipment that reproduces, receives or transmits audio, visual or data signals, and any accessories used with such equipment. This includes, but is not limited to:

      (1) Radios and stereos;

      (2) Tape decks;

      (3) Compact disc systems;

      (4) Navigation systems;

      (5) Internet access systems;

      (6) Personal computers;

      (7) Video entertainment systems;

      (8) Telephones;

      (9) Televisions;

      (10) Two-way mobile radio;

      (11) Scanners; or

      (12) Citizens band radios.

   This exclusion (9.a.) does not apply to direct physical loss caused by a covered *collision* or covered *comprehensive* loss to:

      (1) Electronic equipment that was permanently installed by the original manufacturer of the *motor vehicle* and in the opening normally used by the manufacturer for the installation of that equipment; and

      (2) Any accessories that came with the original electronic equipment.

   b. Tapes, records, discs or other media.

10. Loss to equipment designed or used for the detection or location of law enforcement devices for monitoring speed.

11. Loss arising out of the participation in any prearranged, organized or spontaneous:

    a. Racing contest;

    b. Speed contest;

    c. Demolition contest;

    d. Stunt contest; or

    e. Use of a *motor vehicle* at a track or course designed or used for racing or high performance driving; or

    in practice or preparation for any contest of this type.

12. Loss caused directly or indirectly by:

    a. War, including undeclared war;

    b. Civil war;

    c. Insurrection;

    d. Rebellion or revolution;

    e. Warlike act by a military force or military personnel;

    f. Destruction or seizure or use for a military purpose;

    g. Discharge of a nuclear weapon, even if accidental; or

    h. Radioactive contamination;

    including any consequence of any of these.

13. Loss involving intentional acts or omissions of or at the direction of one or more *family members*, if the loss that occurs:

    a. May reasonably be expected to result from such acts; or

    b. Is the intended result of such acts.

14. Loss to, or loss of use of, a *non-owned automobile* rented by:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

a. You; or

b. Any *family member*;

If the *motor vehicle* rental company is precluded from recovering such loss or loss of use, from you or that *family member*, pursuant to the provisions of any applicable rental agreement or state law.

15. Loss resulting from criminal acts or omissions of or at the direction of one or more *family members*. This exclusion applies even if:

a. Such *family member* lacks the mental capacity to govern his or her conduct; and

b. Such *family member* is not actually charged with or convicted of a crime.

However, this exclusion does not apply to a criminal act or omission that is a violation of a traffic law or *motor vehicle* law.

## HOW WE SETTLE PHYSICAL DAMAGE CLAIMS AND WHAT YOU MUST DO

1. **How We Pay Claims.**

We may pay for loss in money or repair or replace the damaged or stolen property. We may at our expense, return any stolen property to you.

If we return stolen property we will pay for any damage resulting from the *theft*. We may keep all or part of the property at an agreed upon or appraised value.

2. **Appraisal.**

If we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event each party will select a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where you live. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its own appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

We do not waive any of our rights under this policy by agreeing to an appraisal.

3. **Your Duties After Loss.**

You agree to see that the following things are done after a loss. We have no duty to provide coverage under this policy unless there has been full compliance with these duties:

a. Give prompt notice to us or our agent.

b. Notify the police in case of loss by *theft*.

c. Protect the *motor vehicles* and their equipment from further damage. We will pay reasonable expenses incurred to do this.

d. As often as we reasonably require:

(1) Permit us to inspect and appraise the damaged property before its repair or disposal;

(2) Provide us with records and documents we request and permit us to make copies; and

(3) Submit to examination under oath, while not in the presence of any other *covered person* and sign the same.

e. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

(1) The time and cause of loss;

(2) The interest of you, *family members* and all others in the property involved and all loss payees on the *motor vehicle*;

(3) Other insurance which may cover the loss; and

(4) Specifications of damaged property and detailed repair estimates;

f. A person seeking any coverage must cooperate with us in the investigation, settlement or defense of any claim or suit.

4. **Who We Pay.**

We pay you unless another party is named in the policy or is legally entitled to receive payment.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

5. **No Benefit To Bailee.**

   There is no coverage for anyone holding, storing or transporting property for a fee regardless of any other coverage afforded by this policy.

   This insurance shall not directly or indirectly benefit any carrier or other bailee for hire.

6. **Suit Against Us.**

   No action can be brought against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under **Physical Damage - Motor Vehicle** unless there is full compliance with all policy terms and such action is commenced within one year after the date of loss.

7. **Abandonment Of Property.**

   We need not accept any property abandoned by a *covered person*.

8. **Authorization to Move Salvage.**

   You agree that we have your authorization to move salvage after a loss.

### GENERAL PROVISIONS - MOTOR VEHICLE

1. The "GENERAL PROVISIONS" is amended as follows:

   3. **TERMINATION**

      **Cancellation.**

      a. You may cancel this policy at any time by returning it to us, or you may cancel the whole policy or any Segment by letting us know in writing of the date cancellation is to take effect.

      b. We may cancel for the reasons and with the number of days notice stated below by letting you know in writing of the date. This cancellation may be delivered to you, or mailed to you by first class mail or certified mail at the address last known by us. Proof of mailing will be sufficient proof of notice.

      c. We may cancel:

         (1) If you do not pay the premium, at any time by letting you know at least 10 days before the date cancellation takes effect.

         (2) When this policy or Segment has been in effect for 60 days or less and is not a renewal with us, for any reason by letting you know at least 10 days before the date cancellation takes effect.

         (3) When this policy or Segment has been in effect for more than 60 days or at any time if it is a renewal with us:

            (a) If there has been a material misrepresentation of fact which if known to us would have caused us not to issue the policy;

            (b) If the risk has changed substantially since the policy was issued; or

            (c) For a "*MOTOR VEHICLE*" Segment if your driver's license or that of:

               (i) Any driver who lives with you; or

               (ii) Any driver who customarily uses your covered *motor vehicle*;

            has been suspended or revoked. This must have occurred during the policy period.

      This can be done by letting you know at least 30 days before the date cancellation takes effect.

      **Nonrenewal.**

      a. We may elect not to renew this Segment. We may do so by delivering to you, or mailing by first class mail or certified mail to you at the address last known by us, written notice at least 30 days before the expiration date of this policy.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

## Your Policy

b. Proof of mailing will be sufficient proof of notice.

c. If the policy period is:

   (1) Less than 6 months, we will have the right not to renew or continue this policy every six months after its original effective date.

   (2) 1 year or longer, we will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination.**

If we offer to renew or continue this policy or any Segment and you or your representative do not accept, the policy or Segment will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that you have not accepted our offer.

If you obtain other insurance, any similar insurance provided by this policy will terminate on the effective date of the other insurance.

**Other Termination Provisions.**

a. If this policy is canceled, you may be entitled to a premium refund. If so, we will send the refund to you or your agent. The premium refund, if any, will be computed according to our manuals. However, making or offering to make the refund is not a condition of cancellation.

b. The effective date of cancellation stated in the notice shall become the end of the policy period for this policy or the indicated Segment(s).

**OTHER INSURANCE** - The following exceptions are added:

If there is other applicable liability insurance:

1. Any insurance we provide for a *motor vehicle* you do not own shall be excess over any other collectible insurance except as indicated in Provisions **2.** and **3.** below.

2. Any insurance we provide for a *motor vehicle* you do not own will be primary insurance if the *motor vehicle* is insured under a policy affording coverage to a named insured engaged in the *business* of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Delivering;

   e. Testing;

   f. Road Testing;

   g. Parking; or

   h. Storing;

   *motor vehicles*. This applies only if a *covered person*:

   a. Is operating the *motor vehicle*; and

   b. Is neither the person engaged in such *business* nor that person's employee or agent.

3. If the *motor vehicle* you do not own is a rental private passenger *automobile*, the following priorities of recovery apply:

   a. First priority: Any source of recovery purchased as an option from the owner of the rental private passenger *automobile*.

   b. Second priority: Any policy affording Liability Coverage to the "insured" as a named insured or "*family member*".

   c. Third priority: Any policy affording Liability Coverage to the owner of the rental private passenger *automobile*.

4. Any insurance we provide for a *motor vehicle* you own shall be excess to that of a person engaged in the *business* of:

   a. Selling;

   b. Repairing;

   c. Servicing;

   d. Delivering;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

e.  Testing;

f.  Road testing;

g.  Parking; or

h.  Storing;

*motor vehicles,* if the *accident* occurs while the *motor vehicle* is being operated by that person or that person's employee or agent.

**TERRITORY** - The following exception is added:

**Exception**

The *Motor Vehicle* policy applies to losses to the covered *motor vehicle,* covered *accidents,* and occurrences within the United States of America, its territories or possessions, Canada, or between their ports.

**Insurance Coverage In Mexico**

Prior to entering and driving in Mexico, you must check with the appropriate Mexican authorities regarding insurance requirements.

*Automobile accidents* in Mexico are subject to the laws of Mexico, NOT the United States of America. In Mexico, an *accident* can be considered a CRIMINAL OFFENSE as well as a civil matter.

In some cases, part or all of this policy may NOT be recognized by Mexican authorities and we may not be allowed to provide any insurance coverage at all in Mexico. For your protection, you should consider purchasing coverage for your *automobile* from a licensed Mexican insurance company before driving in Mexico.

However, when possible, protection will be afforded for those coverages for which a premium is shown on the Coverage Summary for a covered *automobile* while that covered *automobile* is within 75 miles of the United States border and only for a period not to exceed ten days after each separate entry into Mexico.

If loss or damage occurs which may require repair of a covered *automobile* or replacement of any parts(s) while the covered *automobile* is in Mexico, the basis for adjustment of the claim will be as follows: Any amount payable resulting from

any covered loss or damage occurring in Mexico shall be payable in the United States. We will not be liable for more than the cost of having the repairs made or parts replaced at the nearest point in the United States where repairs or replacements can be performed. The costs for towing, transportation, and salvage operations of a covered *automobile* while within Mexico are not covered under this policy.

2.  The following provisions are added to the "GENERAL PROVISIONS":

a.  LOSS PAYABLE CLAUSE.

If a Lienholder and/or Leaseholder is shown on the Coverage Summary, we may pay loss or damage under this policy to you and the Lienholder and/or Leaseholder as its interest may appear, except:

(1)  Where fraud, material misrepresentation, material omission, or intentional damage has been committed by or at the direction of you.

(2)  When the *motor vehicle(s)* is intentionally damaged, destroyed or concealed by or at the direction of you or any owner.

(3)  When you or any owner makes fraudulent statement(s) or engages in fraudulent conduct in connection with any *accident* or loss for which coverage is sought.

The Lienholder and/or Leaseholder must notify us of any change in ownership or hazard that is known.

If you or any owner fails to render proof of loss within the time granted in the policy, the Lienholder and/or Leaseholder must do so within sixty days in the form and manner described in the policy. The Lienholder and/or Leaseholder are subject to the provisions of the policy relating to appraisal, time of payment and bringing suit.

We may cancel this policy according to its terms. We will notify the Lienholder and/or Leaseholder at least ten days prior to the date of cancellation that the cancellation is effective as to the interest of the Lienholder and/or Leaseholder.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

Whenever we pay the Lienholder and/or Leaseholder any sum for loss or damage under this policy, we will be subrogated to the extent of payment to the rights of the party to whom payment was made. However, these subrogation provisions must in no way impair the rights of the Lienholder and/or Leaseholder to recover the full amount of its claim from the insured.

The Lienholder and/or Leaseholder has no greater rights under the provisions of the policy than the insured.

b.  **THE LAW.**

If anything in this policy conflicts with state or local laws, we agree to honor any claim or suit in conformity with the law.

If a *motor vehicle accident* to which this policy applies occurs in any state or province other than the one in which the *motor vehicle* is principally garaged, we will interpret your policy for that *accident* as follows:

(1)  If a state or province has a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses a *motor vehicle* in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

(2)  If a state or province has a financial responsibility or similar law specifying limit(s) of liability for *bodily injury* or *property damage* higher than the limit(s) shown in the Coverage Summary, your policy will provide the higher specified limit(s).

No one will be entitled to duplicate payments for the same elements of loss.

When this policy is certified as future proof of financial responsibility, this policy complies with the law to the extent required.

c.  **SUBROGATION.**

If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:

(1)  Whatever is necessary to enable us to exercise our rights and

(2)  Nothing after loss to prejudice them.

However, our rights in this paragraph do not apply:

(1)  Under **Physical Damage Motor Vehicle** against any person using a covered *motor vehicle* with a reasonable belief that that person is entitled to do so; and

(2)  Under the definition of **Underinsured Motor Vehicle** in the **Uninsured/ Underinsured Motorists Coverage** Endorsement.

With respect to any *motor vehicle* to which this policy applies, any person that we make payment to under this policy that recovers damages from another shall:

(1)  Hold in trust for us any proceeds from the recovery; and

(2)  Reimburse us to the extent of our payment.

This provision does not apply to **Medical Expense - Motor Vehicle.**

d.  **CHANGES DURING THE POLICY PERIOD.**

For all policy changes during the policy term, you must notify us within 30 days of the change. All premium adjustments as a result of the policy change will be made effective on the date of change. Changes made during the last 30 days of the policy term will not be reflected in the current term, however, these changes must be reported to us in order for coverage to be provided.

If there is a change to the information used to develop the premium for this policy, we may adjust your premium. Changes during the policy term that may result in a premium increase or decrease include, but are not limited to, changes in:

(1)  The number, type or use classification of insured *motor vehicles;*

(2)  Operators using insured *motor vehicles;*

(3)  The place of principal garaging of insured *motor vehicles;* or

(4)  Coverage, deductible or limits.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

## Your Policy

If a change requires a premium adjustment, we will make the premium adjustment in accordance with our manual rules.

**e. TWO OR MORE MOTOR VEHICLE POLICIES**

IF THIS POLICY AND ANY OTHER *MOTOR VEHICLE* POLICY ISSUED TO YOU BY US APPLY TO THE SAME *ACCIDENT*, THE MAXIMUM LIMIT OF OUR LIABILITY UNDER ALL THE POLICIES SHALL NOT EXCEED THE HIGHEST APPLICABLE LIMIT OF LIABILITY UNDER ANY ONE POLICY.

THIS IS THE MOST WE WILL PAY REGARDLESS OF THE NUMBER OF:

(1) *COVERED PERSONS*;

(2) CLAIMS MADE;

(3) *MOTOR VEHICLES* OR PREMIUMS SHOWN IN THE COVERAGE SUMMARY; OR

(4) *MOTOR VEHICLES* INVOLVED IN THE *ACCIDENT.*

**f. CONDITIONAL REINSTATEMENT**

If we mail a cancellation notice because you didn't pay the required premium when due and you then tender payment by check, draft, or other remittance which is not honored upon presentation, your policy will terminate on the date and time shown on the cancellation notice and any notice we issue which waives the cancellation or reinstates coverage is void. This means that we will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

**g. SUIT AGAINST US**

No one may bring an action against us unless:

(1) There is full compliance with all policy terms; and

(2) The action is commenced within one year of the date the cause of action accrues. However, if an action is in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under a particular coverage that is shown on the Coverage Summary, such action must be commenced within the time period specified in the **Suit Against Us** provision of that particular coverage. If a particular coverage does not contain a **Suit Against Us** provision, any action brought against us in any way related to the existence or amount of coverage, or the amount of loss for which coverage is sought, under that particular coverage, must be brought in accordance with state law.

If an action is brought asserting claims relating to the existence or amount of coverage, or the amount of loss for which coverage is sought, under different coverages of this policy, the claims relating to each coverage shall be treated as if they were separate actions for the purpose of the time limit to commence action.

**h. ARBITRATION**

Any claim or dispute in any way related to this policy, by a *covered person* under this policy against us or us against a *covered person* under this policy, may be resolved by arbitration only upon mutual consent of the parties. Arbitration pursuant to this provision shall be subject to the following:

(1) No arbitrator shall have the authority to award punitive damages or attorney's fees;

(2) Neither of the parties shall be entitled to arbitrate any claims or disputes in a representative capacity or as a member of a class; and

(3) No arbitrator shall have the authority, without the mutual consent of the parties, to consolidate claims or disputes in arbitration.

This provision shall not apply to claims or disputes to which the **Uninsured/ Underinsured Motorist** coverage - Arbitration provision applies.

**i. WHAT LAW WILL APPLY**

This policy is issued in accordance with the laws of Nevada and covers property or

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07

Page 18 of 19

## Your Policy

risks principally located in Nevada. **Subject to the following paragraph, any and all claims or disputes in any way related to this policy shall be governed by the laws of Nevada.**

If a covered loss to the *motor vehicle*, a covered *motor vehicle accident*, or any other occurrence for which coverage applies under this policy happens outside Nevada, claims or disputes regarding that covered loss to the *motor vehicle*, covered *motor vehicle accident*, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the *motor vehicle*, covered *motor vehicle accident*, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

**j.   WHERE LAWSUITS MAY BE BROUGHT**

Subject to the following two paragraphs, any and all lawsuits in any way related to this

policy shall be brought, heard, and decided only in a state or federal court located in Nevada. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy or involved in any other way with this policy, shall be brought, heard, and decided only in a state or federal court located in Nevada, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss to the *motor vehicle*, a covered *motor vehicle accident*, or any other occurrence for which coverage applies under this policy happens outside Nevada, lawsuits regarding that covered loss to the *motor vehicle*, covered *motor vehicle accident*, or other covered occurrence may also be brought in the judicial district where that covered loss to the *motor vehicle*, covered *motor vehicle accident*, or other covered occurrence happened.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72617-A Ed. 06-07



## GENERAL PROVISIONS

### TABLE OF CONTENTS

|  | Page |
|---|---|
| Waiver or Change of Policy Provisions | 1 |
| Liberalization Clause | 1 |
| Termination | 1 |
|     Cancellation | 1 |
|     Nonrenewal | 1 |
|     Automatic Termination | 2 |
|     Other Termination Provisions | 2 |
| Bankruptcy of Any Covered Person | 2 |
| Other Insurance | 2 |
| Policy Period | 2 |
| Territory | 2 |
| Recovered Property | 2 |
| Transfer Of Your Interest in This Policy | 2 |
| Concealment or Fraud | 3 |

G1-72262-A Ed. 01-07

Dott Messier

OCT 0 9 2013

**Your Policy**

# GENERAL PROVISIONS

1. **WAIVER OR CHANGE OF POLICY PROVISIONS**

   A waiver or change of any policy provision must be in writing from *us*.

2. **LIBERALIZATION CLAUSE**

   If *we* make a change which broadens coverage under this edition of *our* policy or Segment without additional premium charge, that change will automatically apply to *your* insurance as of the date *we* implement the change in *your* state.

   This Liberalization Clause does not apply to changes implemented through introduction of a subsequent edition of *our* policy or Segment.

3. **TERMINATION**

   **Cancellation.**

   a. *You* may cancel this policy at any time by returning it to *us*, or *you* may cancel the whole policy or any Segment by letting *us* know in writing of the date cancellation is to take effect.

   b. *We* may cancel for the reasons and with the number of days notice stated below by letting *you* know in writing of the date. This cancellation may be delivered to *you*, or mailed to *you* at *your* mailing address shown in the Coverage Summary. Proof of mailing will be sufficient proof of notice.

   c. *We* may cancel:

      (1) If *you* do not pay the premium, at any time by letting *you* know at least 10 days before the date cancellation takes effect.

      (2) When this policy or Segment has been in effect for 60 days or less and is not a renewal with *us*, for any reason by letting *you* know at least 10 days before the date cancellation takes effect.

   (3) When this policy or Segment has been in effect for more than 60 days or at any time if it is a renewal with *us*:

      (a) If there has been a material misrepresentation of fact which if known to *us* would have caused *us* not to issue the policy; or

      (b) If the risk has changed substantially since the policy was issued;

      (c) For a "MOTOR VEHICLE" Segment if *your* driver's license or that of:

         (i) Any driver who lives with *you*; or

         (ii) Any driver who customarily uses *your* covered *motor vehicle*;

         has been suspended or revoked. This must have occurred during the policy period.

      This can be done by letting *you* know at least 30 days before the date cancellation takes effect.

   **Nonrenewal.**

   a. *We* may elect not to renew this policy. *We* may do so by delivering to *you*, or mailing to *you* at *your* mailing address shown in the Coverage Summary, written notice at least 30 days before the expiration date of this policy.

   b. *We* may elect not to renew a Segment by delivering to *you* or mailing to *you* at *your* mailing address shown in the Coverage Summary, written notice at least 20 days for motor vehicles and 30 days for all other coverages before the expiration of the Segment.

   c. In either case, proof of mailing will be sufficient proof of notice.

   d. If the policy period is:

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72262-A Ed. 01-07

## Your Policy

(1) Less than 6 months, *we* will have the right not to renew or continue this policy every six months after its original effective date.

(2) 1 year or longer, *we* will have the right not to renew or continue this policy at each anniversary of its original effective date.

**Automatic Termination.**

If *we* offer to renew or continue this policy or any Segment and *you* or *your* representative do not accept, the policy or Segment will automatically terminate at the end of the current policy period. Failure to pay the required renewal premium when due shall mean that *you* have not accepted *our* offer.

If *you* obtain other insurance, any similar insurance provided by this policy will terminate on the effective date of the other insurance.

**Other Termination Provisions**

a. If this policy is canceled, *you* may be entitled to a premium refund. If so, *we* will send the refund to *you* or *your* agent. The premium refund, if any, will be computed according to *our* manuals. However, making or offering to make the refund is not a condition of cancellation.

b. The effective date of cancellation stated in the notice shall become the end of the policy period for this policy or the indicated Segment(s).

4. **BANKRUPTCY OF ANY COVERED PERSON**

Bankruptcy or insolvency of *you* or any covered person, as defined in the applicable Segment, shall not relieve *us* of any of *our* obligations.

5. **OTHER INSURANCE**

When there is other applicable insurance, *we* will provide coverage as follows:

a. In the first year of this policy, prior to the exposure's effective date shown in the Coverage Summary for what will be a covered Segment, *we* will pay all covered claims up to the limits *you* have purchased in excess of the total limits of all other policies.

b. During the first and subsequent years of this policy for those exposures shown effective in the Coverage Summary, *we* will pay only *our* share of the loss. *Our* share is the proportion that *our* limit of liability bears to the total of all applicable limits.

c. No one will be entitled to any payment that duplicates payment under any other Segment of this policy or from any other source of recovery for the same element of loss.

Exceptions to this provision (5.) may be stated and specifically identified in the provisions of the applicable Segment or in an endorsement to this policy.

6. **POLICY PERIOD**

Claims under this policy must be for:

a. Loss under the property coverages; or

b. Liability arising from an *accident* or occurrence as defined in the applicable Segment;

which occurs during the policy period shown on the Coverage Summary.

7. **TERRITORY**

The policy territory is worldwide.

Exceptions to this provision (7.) may be stated in the provisions of the applicable Segment or in an endorsement to this policy.

8. **RECOVERED PROPERTY**

If *you* recover any property that *we* have made payment on under this policy *you* must immediately notify *us*. If the recovery is made prior to the conclusion of the loss adjustment, *you* will have the option to retain the property and *we* will adjust the loss payment based on the value of the property.

9. **TRANSFER OF YOUR INTEREST IN THIS POLICY**

*Your* rights and duties under this policy may not be assigned without *our* written consent.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

G1-72262-A Ed. 01-07

## Your Policy

However, if any person named in the Coverage Summary dies, coverage will be provided for:

a. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Coverage Summary; and

b. The legal representative of the deceased person as if a named insured shown in the Coverage Summary. This applies only with respect to:

   (1) The premises and property of the deceased covered under the policy at the time of death; and

   (2) The representative's legal responsibility to maintain or use *your* covered vehicle, if this policy provides motor vehicle coverage.

Coverage will be provided only until the end of the policy period.

**10. CONCEALMENT OR FRAUD**

This insurance is based on *your* honest cooperation with *us*, so the information *you* gave to *us* must be correct to the best of *your* knowledge.

Therefore:

a. For Personal Liability, Optional Excess Liability Home - Medical Expense and Dwelling Fire - Medical Expense, *we* do not provide coverage to one or more *covered persons* who whether before or after a loss has:

   (1) Concealed or misrepresented any material fact or circumstance; or

   (2) Engaged in fraudulent conduct; or

   (3) Made false statements relating to this insurance;

   whether as to eligibility or claim entitlement.

b. For all other coverages, *we* do not provide coverage if whether before or after a loss one or more *covered persons* has:

   (1) Concealed or misrepresented any material fact or circumstance; or

   (2) Engaged in fraudulent conduct; or

   (3) Made false statements relating to this insurance;

   whether as to eligibility or claim entitlement.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**Required
Coverages and Amendments**

## AMENDMENT OF SPECIAL VALUE MOTOR VEHICLE PROVISIONS - NEVADA

I. **MEDICAL EXPENSE - MOTOR VEHICLE**

   A. **INSURING AGREEMENT**

      The Insuring Agreement has been replaced with the following:

      We will pay *medical expenses* incurred or medically ascertained within three years from the date of the *accident* except as excluded by the provisions listed in the **Medical Expense - Losses We Do Not Cover. Medical Expense - Motor Vehicle** applies to *bodily injury* caused by a *motor vehicle accident* and sustained by a *covered person*.

All other provisions of this policy apply.

Includes copyrighted material of Insurance Services Office, Inc., with its permission.

**G1-74083-A**  Ed. 12-08

# STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### SCENE INFORMATION SHEET
Revised 3/21/03

| Event Number: | 110930-1590 | | Accident Number: |
|---|---|---|---|
| Code Revision: | 01/14/2004 | | LVMPD-110930-1590 |

☐ 1) Property   ☒ 2) Injury   ☐ 3) Fatal

**Agency Name:**  LAS VEGAS METROPOLITAN PD

| ☒ 1) Urban | ☐ 1) Emergency Use | ☐ 1) Preliminary Report | ☐ 3) Resubmission | ☐ 1) Hit and Run |
|---|---|---|---|---|
| ☐ 2) Rural | ☐ 2) Office Report | ☒ 2) Initial Report | ☐ 4) Supplement Report | ☐ 2) Private Property |

| Collision Date | Time | Day | Beat / Sector | ☐ County | Surface | Intersection | Paddle Markers |
|---|---|---|---|---|---|---|---|
| 9/30/2011 | 10:25 | FRIDAY | V4 | ☒ City  LAS VEGAS | ☒ 1) Asphalt | ☐ 1) Four Way | ☒ 1) None |
| | | | | | ☐ 2) Concrete | ☒ 2) Four Way | ☐ 2) Left Side |
| | | | | | ☐ 3) Gravel | ☐ 3) T | ☐ 3) Right Side |

| Mile Marker | # Vehicles | # Non Motorists | # Occupants | # Fatalities | # Injured | # Restrained | ☐ 4) Dirt | ☐ 4) Y | ☐ 4) Both Side |
|---|---|---|---|---|---|---|---|---|---|
| | 5 | | 8 | | 8 | 8 | ☐ 5) Other | ☐ 5) Roundabout | ☐ 5) Unknown |
| | | | | | | | | ☐ 6) Other | |

**Occurred On:** *(Highway # or Street Name)*
☐ 1) Parking Lot   CHARLESTON

**Access Control**
☒ 1) None
☐ 2) Full
☐ 3) Partial

☐ 1) At Intersection With:   EAST
☒ 2) Or   119   ☒ 3) Feet   ☐ 4) Miles   ☐ 5) Approximate   Of *(Cross Street)*   TORREY PINES

| Roadway Character | Roadway Conditions | Total Thru Lanes | Average Roadway Widths | Roadway Grade |
|---|---|---|---|---|
| ☐ 1) Curve & Grade | ☒ 1) Dry   ☐ 7) Slush | **Main Road** | Travel Lane    12   Ft | ☒ 1) Not Determined |
| ☐ 2) Curve & Hillcrest | ☐ 2) Icy   ☐ 8) Standing Water | ☐ 1) One | Storage / Turn Lane   12   Ft | ☐ 2) Relatively Level Roadway |
| ☐ 3) Curve & Level | ☐ 3) Wet   ☐ 9) Moving Water | ☐ 2) Two | Median    0    Ft | ☐ 3) Up Slope (+) |
| ☒ 4) Straight & Grade | ☐ 4) Snow   ☐ 10) Unknown | ☐ 3) Three | **Paved Shoulder** | ☐ 4) Down Slope (-) |
| ☐ 5) Straight & Hillcrest | ☐ 5) Sand / Mud / Oil / Dirt / Gravel | ☐ 4) Four | | |
| ☐ 6) Straight & Level | ☐ 6) Other | ☐ 5) Five | Inside   Outside | Relative to |
| ☐ 7) Unknown | | ☒ 6) 6 | 0   0 | Grade |
| ☐ 8) Other _____ | | **Total All Lanes: 7** | | |

| Pavement Markings and Type | Highway Description | Weather Conditions |
|---|---|---|
| ___ 1) Centerline, Broken Yellow   ___ 6) No Passing, Either Direction | ☐ 1) Two-Way, Not Divided | ☐ 1) Clear   ☐ 7) Fog, Smog, Smoke, Ash |
| ___ 2) Centerline, Solid Yellow   1 7) Turn Arrow Symbol | ☒ 2) Two-Way, Div., Unpro Median | ☒ 2) Cloudy   ☐ 8) Severe Crosswinds |
| ___ 3) Centerline, Double Yellow   ___ 8) Center Turn Lane | ☐ 3) Two-Way, Div., Median Barrier | ☐ 3) Snow   ☐ 9) Sleet / Hail |
| 4 4) Lane Line, Broken White   ___ 9) Edge Line, Left, Yellow | ☐ 4) One-Way, Not Div. | ☐ 4) Rain   ☐ 10) Unknown |
| ___ 5) Lane Line, Solid White   ___ 10) Edge Line, Right, White | ☐ 5) Unknown | ☐ 5) Blowing Sand, Dirt, Soil, Snow |
| ___ 11) Other   ___ 12) None   ___ 13) Unknown | ☐ 6) Off Road | ☐ 6) Other |

| Light Conditions | Vehicle Collision Type | Location of First Event |
|---|---|---|
| ☐ 1) Dusk   ☐ 6) Dark - No Roadway Lighting | ☐ 1) Head On   ☐ 6) Rear to Rear | ☐ 1) Travel Lane   ☐ 6) Outside Shoulder   ☐ 11) Ramp |
| ☐ 2) Dawn   ☐ 7) Dark - Spot Roadway Lighting | ☒ 2) Rear End   ☐ 7) Sideswipe - Meeting | ☒ 2) Turn Lane  L1   ☐ 7) Intersection   ☐ 12) Unknown |
| ☒ 3) Daylight   ☐ 8) Dark - Continuous Roadway Lighting | ☐ 3) Backing   ☐ 7) Sideswipe - Overtaking | ☐ 3) Gore   ☐ 8) Private Property |
| ☐ 4) Unknown   ☐ 9) Dark - Unknown Roadway Lighting | ☐ 4) Angle   ☐ 8) Non - Collision | ☐ 4) Median   ☐ 9) Roadside |
| ☐ 5) Other | ☐ 5) Sideswipe - Meeting | ☐ 5) Inside Shoulder   ☐ 10) Other |

| Highway / Environment Factors | Property Damage To Other Than Vehicle or Hwy |
|---|---|
| ☒ 1) None   ☐ 7) Shoulders   ☐ 11) Ruts, Holes, Bumps | Describe Property Damage |
| ☐ 2) Weather   ☐ 8) Road Obstruction   ☐ 12) Active Work Zone | |
| ☐ 3) Debris   ☐ 9) Worn Traffic Surface   ☐ 13) Inactive Work Zone | Owner's Name: ☐ Owner Notified |
| ☐ 4) Glare   ☐ 10) Wet, Icy, Snow, Slush   ☐ 14) Animal in Roadway | |
| ☐ 5) Other Highway   ☐ 16) Unknown | Owner's Address: *Street Address   City, State/Province, Or Other* |
| ☐ 6) Other Environmental | |

**First Harmful Event**

| Code #: | 217 | Description: | 217 SLOW / STOPPED VEHICLE |
|---|---|---|---|

## Description of Accident / Narrative

PER DRIVER 1 HE WAS WESTBOUND IN THE LEFT TURN LANE WHEN HE DIVERTED HIS ATTENTION FROM THE ROAD AHEAD. DRIVER 1 STATES HE WAS FATIGUED FROM BEING UP ALL NIGHT AND BELIEVES HE MAY HAVE FALLEN ASLEEP.  DRIVER 1 CONTINUED STATING THE NEXT THING REMEMBERED WAS STRIKING THE REAR OF VEHICLE 2 WITH THE FRONT OF HIS VEHICLE.  VEHICLE 2 HAD BEEN STOPPED WESTBOUND IN THE LEFT TURN LANE FOR TRAFFIC AHEAD.  UPON BEING STRUCK BY VEHICLE 1 IT WAS PUSHED FORWARD INTO THE REAR OF VEHICLE 3 WHICH WAS

☐ 1) Continued On Back of Scene Information Sheet

| Investigation Complete | Photos Taken | Scene Diagram | Statements | Date Notified | Time Notified | Arrival Date | Arrival Time |
|---|---|---|---|---|---|---|---|
| ☒ 1) Yes  ☐ 2) No | ☒ 1) Yes  ☐ 2) No | ☐ 1) Yes  ☒ 2) No | ☐ 1) Yes  ☒ 2) No # | 9/30/2011 | 10:26 | 9/30/2011 | 10:38 |

| Investigator(s) | ID Number | Date | Reviewed By | Date Reviewed | Page |
|---|---|---|---|---|---|
| 4328 T. HUGHES | 4328 | 9/30/2011 | 4309 TODD RAYBUCK | 10/1/2011 | 1 of 12 |

| Event Number: | STATE OF NEVADA | Incident Number: |
|---|---|---|
| 110930-1590 | TRAFFIC ACCIDENT REPORT | LVMPD-110930-1590 |
| | SCENE INFORMATION SHEET | Agency Name: |
| | Revised 5/21/03 | LAS VEGAS METROPOLITAN PD |

## Description of Accident / Narrative Continuation

ALSO STOPPED WESTBOUND IN THE LEFT TURN LANE FOR TRAFFIC.  PER DRIVER 3  HE WAS STOPPED WHEN THE REAR OF HIS VEHICLE WAS STRUCK BY THE FRONT OF VEHICLE 2.  HE CONTINUED STATING HIS VEHICLE WAS THEN PUSHED FORWARD INTO THE REAR OF VEHICLE 4.   PER DRIVER 4 HE WAS STOPPED WESTBOUND WHEN THE REAR OF HIS VEHICLE WAS STRUCK BY THE FRONT OF VEHICLE 3.  DRIVER 4 CONTINUED STATING HIS VEHICLE THEN PUSHED FORWARD INTO THE REAR OF VEHICLE 5.  PER DRIVER 5 SHE WAS STOPPED WESTBOUND IN THE LEFT TURN LANE FOR TRAFFIC WHEN THE REAR OF HER VEHICLE WAS STRUCK BY THE REAR OF VEHICLE 4.  VEHICLE 1 LEFT NO PRE IMPACT TIRE MARKS .

Indicate North

A.I.C.: 119 E/E 40 S/N

Page
2  of 12

## STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### VEHICLE INFORMATION SHEET
Revised §2 I03

| Event Number: 110930-1590 | Accident Number: LVMPD-110930-1590 |
|---|---|
| | Agency Name: LAS VEGAS METROPOLITAN PD |

| Vehicle # 1 | # Occupants 2 | ☒ 1) At Fault  ☐ 2) Non Contact Vehicle |
|---|---|---|

| Direction of Travel: | ☐ 1) North  ☐ 3) East  ☐ 5) Unknown  ☐ 2) South  ☒ 4) West | Highway / Street Name: CHARLESTON | Travel Lane #: L1 |
|---|---|---|---|

**Vehicle Action:** ☒ 1) Straight  ☐ 2) Left Turn  ☐ 3) U-Turn  ☐ 7) Going Wrong Way  ☐ 9) Parking  ☐ 11) Leaving Parked  ☐ 13) Leaving Lane  ☐ 15) Enter Parked Pal  ☐ 17) Lane Change  ☐ 19) Unknown  ☐ 2) Backing  ☐ 4) Right Turn  ☐ 6) Parked  ☐ 8) Stopped (△)  ☐ 10) Passing  ☐ 12) Entering Lane  ☐ 14) Other Turning  ☐ 16) Overtake a Vehicle  ☐ 18) Other

| Driver: PFEIFER   RYAN   JEROME | Transported By: ☒ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other |
|---|---|
| Street Address: | Transported To: |

| City: LAS VEGAS | State / Country ☒ 1) NV | Zip Code: 89135 | Person Type: 1 | Seating Position: 1 | Occupant Restraints: 7 |
|---|---|---|---|---|---|

| ☒ 1) Male  ☐ 2) Unknown  ☐ 1) Female | DOB: | Phone Number: | Injury Severity: C | Injury Location: 4 |
|---|---|---|---|---|

| OLN: 0001712505 | State: ☒ 1) NV | ☐ 1) CDL  ☒ 2) DL | License Status: | Airbags: 3 | Airbag Switch: 4 | Ejected: 0 | Trapped 0 |
|---|---|---|---|---|---|---|---|

| Compliance: ☐ 1) Restrict  ☐ 2) Endorse | Endorsements | Restrictions A | | Driver Factors |
|---|---|---|---|---|

**Alcohol/Drug Involvement**
☒ 1) Not Involved  ☐ 2) Suspected Impairment  ☐ 3) Alcohol  ☐ 4) Drugs  ☐ 5) Unknown

**Method of Determination** (check up to 2)
☐ 1) Field Sobriety Test  ☐ 4) Urine Test  ☐ 2) Evidentiary Breath  ☐ 5) Blood Test  ☐ 3) Driver Admission  ☐ 6) Preliminary Breath Test

**Test Results:**

**Driver Factors:**
☐ 1) Apparently Normal  ☐ 2) Had Been Drinking  ☐ 3) Drug Involvement  ☒ 4) Apparently Fatigued / Asleep  ☐ 5) Obstructed View  ☐ 6) Driver Ill / Injured  ☐ 7) Other Improper Driving  ☒ 8) Driver Inattention / Distracted 77  ☐ 9) Physical Impairment  ☐ 10) Unknown

| Vehicle Year: 2002 | Vehicle Make: FORD | Vehicle Model: F150 | Vehicle Type: T4C | Vehicle Factors |
|---|---|---|---|---|

| Plate / Permit No.: 892SEM | State: ☒ 1) NV | Expiration Date: 11/22/2011 | Vehicle Color: RED |
|---|---|---|---|

**Vehicle Factors:**
☐ 1) Failed To Yield Right of Way  ☐ 2) Disregard Control Device  ☐ 3) Too Fast For Conditions  ☐ 4) Exceeding Speed Limit  ☐ 5) Wrong Way / Direction  ☐ 6) Mechanical Defects  ☐ 7) Drove Left of Center  ☐ 8) Other  ☐ 9) Failed To Maintain Lane  ☒ 10) Following Too Close  ☐ 11) Unsafe Lane Change  ☐ 12) Made Improper Turn  ☐ 13) Over Correct Steering  ☐ 14) Other Improper Driving  ☐ 15) Aggressive / Reckless / Careless  ☐ 16) Extension of Vehicle  ☐ 17) Private Drive  ☐ 18) Ran Off Road  ☐ 19) Hit and Run  ☐ 20) Road Defect(s)  ☐ 21) Object Avoidance  ☐ 22) Unknown (2)

Vehicle Identification Number: 1FTRX07282KE05072

| Registered Owner Name: PFEIFER   WALTER  ☐ 1) Same As Driver | LAS VEGAS   NV   89135-1041 |
|---|---|
| Registered Owner Address: | |

| Insurance Company Name: ENCOMPASS  ☒ 1) Insured | 1st Contact | Damaged Areas |
|---|---|---|

| Policy Number: 281266817 | Effective: 6/20/2011 | To: 5/20/2012 |
|---|---|---|

Insurance Company Address or Phone Number: 702-795-0407

☒ 1) Vehicle Towed   Towed By: EWING BROTHERS TOWING

Removed To: TOW YARD

**1st Contact:** ☐ 2  ☐ 3  ☐ 4  ☒ 1  ☐ 5  ☐ 6  ☐ 7  ☐ 8  ☐ 1) Override  ☐ 2) Under Ride

**Damaged Areas:** ☒ 1) Front  ☐ 2) Right Side  ☐ 3) Left Side  ☐ 4) Rear  ☒ 5) Right Front  ☐ 6) Right Rear  ☐ 7) Top  ☐ 8) Under Carriage  ☒ 9) Left Front  ☐ 10) Left Rear  ☐ 11) Undercarriage  ☐ 12) Other

| Traffic Control | Distance Traveled After Impact 40  0  1-FEET | Speed Estimate | Extent Of Damage |
|---|---|---|---|

**Traffic Control:**
F 1) Speed Zone  2) Stop Sign  F 3) Signal Light  4) Yield Sign  5) Flashing Light  6) R. R. Sign  7) School Zone  8) R. R. Gate  9) Red Signal  10) R. R. Signal (H)  11) No Passing  F 12) Marked Lanes  13) No Controls  14) Tire Chains/Snow Req.  15) Warning Sign  16) Penalty Sign Green  ☐ 17) Turn Signal  18) Unknown  19) Other

**Speed Estimate:** From   To   Limit 45

**Extent Of Damage:** ☐ 1) Minor  ☐ 2) Moderate  ☒ 3) Major  ☐ 1) Total  ☐ 2) None  ☐ 3) Unknown

**Sequence Of Events**

| | Code # | Description | Collision With Fixed Object | Most Harmful Event |
|---|---|---|---|---|
| 1st | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☒ |
| 2nd | | | ☐ | ☐ |
| 3rd | | | ☐ | ☐ |
| 4th | | | ☐ | ☐ |
| 5th | | | ☐ | ☐ |

| ☐ 1) IRS (1)  ☐ 2) CFR  ☒ 3) NAC / NRS  ☐ 4) Pending | Violation: LVO FULL ATTENTION TO DRIVING | NOC 1525 | Citation Number E10126997 |
|---|---|---|---|
| ☐ 1) IRS (2)  ☐ 2) CFR  ☐ 3) NAC / NRS  ☐ 4) Pending | Violation: | NOC | Citation Number |

| Investigator(s) 4328 T. HUGHES | ID Number 4328 | Date 9/30/2011 | Reviewed By 4309 Todd Raybuck | Date Reviewed 10/1/2011 | Page 3 of 12 |
|---|---|---|---|---|---|

**STATE OF NEVADA**
**TRAFFIC ACCIDENT REPORT**
VEHICLE INFORMATION SHEET
Revised 5/2/103

| Event Number: 110930-1590 | Accident Number: LVMPD-110930-1590 |
| --- | --- |
| | **Agency Name:** LAS VEGAS METROPOLITAN PD |

**Name:** (Last Name, First Name, Middle Name Suffix)
PFEIFER          GARRET          RICHARD

**Transported By:** ☒ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:** 1539 BOUNDARY PEAK WAY

**Transported To:**

**City:** LAS VEGAS  **State / Country** ☒ 1) NV  **Zip Code:** 89135

**Person Type:** 2  **Seating Position:** 3  **Occupant Restraints:** 7

☒ 1) Male  ☐ 3) Unknown  ☐ 2) Female  **DOB:** 7/10/1986  **Phone Number:** (702)9859899

**Injury Severity:** C  **Injury Location:** 4   7

**Airbags:** 3  **Airbag Switch:** 4  **Ejected:** 0  **Trapped:** 0

**Name:** (Last Name, First Name, Middle Name Suffix)

**Transported By:** ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:**

**Transported To:**

**City:**  **State / Country** ☐ 1) NV  **Zip Code:**

**Person Type:**  **Seating Position:**  **Occupant Restraints:**

☐ 1) Male  ☐ 3) Unknown  ☐ 2) Female  **DOB:**  **Phone Number:**

**Injury Severity:**  **Injury Location:**

**Airbags:**  **Airbag Switch:**  **Ejected:**  **Trapped:**

**Name:** (Last Name, First Name, Middle Name Suffix)

**Transported By:** ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:**

**Transported To:**

**City:**  **State / Country** ☐ 1) NV  **Zip Code:**

**Person Type:**  **Seating Position:**  **Occupant Restraints:**

☐ 1) Male  ☐ 3) Unknown  ☐ 2) Female  **DOB:**  **Phone Number:**

**Injury Severity:**  **Injury Location:**

**Airbags:**  **Airbag Switch:**  **Ejected:**  **Trapped:**

| | VIN | Plate | State | Type |
| --- | --- | --- | --- | --- |
| ☐ 1) Trailing Unit 1 | | | ☐ 1) NV | |
| ☐ 1) Trailing Unit 2 | | | ☐ 1) NV | |
| ☐ 1) Trailing Unit 3 | | | ☐ 1) NV | |

**Commercial Vehicle Configuration**  ☐ 1) Commercial Vehicle  ☐ 2) School Bus

☐ 1) Bus, 9 – 15 Occupants  ☐ 6) Tractor Only  ☐ 11) Tractor / Semi Trailer
☐ 2) Bus, > 15 Occupants  ☐ 7) Tractor / Trailer  ☐ 12) Passenger Vehicle, (Haz-Mat)
☐ 3) Single 2 Axle and 6 Tire  ☐ 8) Tractor / Doubles  ☐ 13) Light Truck, (Haz-Mat)
☐ 4) Single > 3 Axle  ☐ 9) Tractor / Triple  ☐ 14) Other Heavy Vehicle
☐ 5) Any 4 Tire Vehicle  ☐ 10) Truck with Trailer

**Source**
☐ 1) Driver  ☐ 4) State Reg.
☐ 2) Log Book  ☐ 5) Side Of Vehicle
☐ 3) Shipping Papers / Trip Manifest  ☐ 6) Other

**Carrier Name:**

**Power Unit GVWR**
☐ 1) < 10,000 Lbs  ☐ 2) 10,000 – 26,000 Lbs  ☐ 3) > 26,000 Lbs  ☐ 1) Haz-Mat  ☐ 2) Related

**Carrier Street Address:**  **City:**  **State:** ☐ 1) NV  **Zip:**

**Cargo Body Type**
☐ 1) Pole  ☐ 6) Van / Box  ☐ 11) Grain, Gravel Chips
☐ 2) Tank  ☐ 7) Concrete Mixer  ☐ 12) Bus, 9 – 15 Occupants
☐ 3) Flatbed  ☐ 8) Auto Carrier  ☐ 13) Bus, > 15 Occupants
☐ 4) Dump  ☐ 9) Garbage/Refuse  ☐ 14) Other
☐ 5) Unknown  ☐ 10) Not Applicable

**Haz-Mat ID #:**

**Hazard Classification #:**

**Type of Carrier**
☐ 1) Single State
☐ 2) US DOT
☐ 3) Canada
☐ 4) Mexico
☐ 5) None

**NAS Safety Report #:**

**Carrier Number:**

**Page** 4 of 12

# STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### VEHICLE INFORMATION SHEET
Revised 5/2.1/03

| Event Number: 110930-1590 | | Accident Number: LVMPD-110930-1590 |
|---|---|---|

| Vehicle # 2 | # Occupant 1 | ☐ 1) At Fault  ☐ 1) Non Contact Vehicle | Agency Name: LAS VEGAS METROPOLITAN PD |
|---|---|---|---|

**Direction of Travel:** ☐ 1) North  ☐ 3) East  ☐ 5) Unknown  ☐ 2) South  ☒ 4) West

**Highway / Street Name:** CHARLESTON BLVD

**Travel Lane #:** L1

**Vehicle Action:** ☐ 1) Straight ☐ 3) Left Turn ☐ 5) U-Turn ☐ 7) Wrong Way ☐ 9) Leaving Parked ☐ 11) Leaving Lane ☐ 13) Enter Parked (#) ☐ 17) Lane Change ☐ 19) Unknown  ☐ 2) Backing ☐ 4) Right Turn ☐ 6) Parked ☒ 8) Stopped (#) ☐ 10) Racing ☐ 12) Entering Lane ☐ 14) Other Turning ☐ 15) Driverless Vehicle ☐ 18) Other

**Driver:** Last Name, First Name, Middle Name (Suffix)
GONZALEZ   GORDIANA   H

**Transported By:** ☐ 1) Not Transported ☒ 2) EMS ☐ 3) Police ☐ 4) Unknown ☐ 5) Other
LV FIRE/RESCUE

**Street Address:** ▓▓▓▓▓▓▓

**Transported To:** UMC TRAUMA

**City:** LAS VEGAS  **State / Country** ☒ 1) NV  **Zip Code:** 89138

| Person Type: 1 | Seating Position: 1 | Occupant Restraints: 7 |
|---|---|---|

☒ 1) Male  ☐ 3) Unknown  **DOB:** ▓▓▓  **Phone Number:** ▓▓▓

| Injury Severity: C | Injury Location: 9 |
|---|---|

☒ 2) Female

**OLN:** 1401606291  **State** ☒ 1) NV  **License Status:** ☐ 1) CDL  ☒ 2) L  0

| Airbags: 2 | Airbag Switch: 1 | Ejected: 0 | Trapped: 0 |
|---|---|---|---|

**Compliance:** ☐ 1) Restrict  ☐ 1) Endorse  | Endorsements | Restrictions A |

**Alcohol/Drug Involvement:**
☒ 1) Not Involved
☐ 2) Suspected Impairment
☐ 3) Alcohol  ☐ 4) Drugs
☐ 5) Unknown

**Method of Determination (check up to 2):**
☐ 1) Field Sobriety Test  ☐ 4) Urine Test
☐ 2) Evidentiary Breath  ☐ 5) Blood Test
☐ 3) Driver Admission  ☐ 6) Preliminary Breath Test

**Test Results:**

**Driver Factors**
☒ 1) Apparently Normal   ☐ 6) Driver Ill / Injured
☐ 2) Had Been Drinking   ☐ 7) Other Improper Driving
☐ 3) Drug Involvement    ☐ 8) Driver Inattention / Distracted
☐ 4) Apparently Fatigued / Asleep  ☐ 9) Physical Impairment
☐ 5) Obstructed View     ☐ 10) Unknown

| Vehicle Year: 2003 | Vehicle Make: CHEVROLET | Vehicle Model: CAVALIER | Vehicle Type: 4D - SEDAN, 4 DOOR |
|---|---|---|---|

**Vehicle Factors**
☐ 1) Failed To Yield Right Of Way  ☐ 9) Failed To Maintain Lane  ☐ 16) Driverless Vehicle
☐ 2) Disregard Control Device  ☐ 10) Following Too Close  ☐ 17) Vehicle Backing
☐ 3) Too Fast For Conditions  ☐ 11) Unsafe Lane Change  ☐ 18) Ran Off Road
☐ 4) Exceeding Speed Limit  ☐ 12) Improper Turn  ☐ 19) Parked Improper
☐ 5) Wrong Way / Direction  ☐ 13) Over Correct Steering  ☐ 20) Road Defect (#)
☐ 6) Mechanical Defects  ☐ 14) Other Improper Driving  ☐ 21) Object Avoidance
☐ 7) Drove Left Of Center  ☐ 15) Aggressive / Reckless / Careless
☐ 8) Other  ☐ 22) Unknown (#)

| Plate / Permit No.: 594RNA | State ☒ 1) NV | Expiration Date: 01/22/2012 | Vehicle Color: BROWN |
|---|---|---|---|

**Vehicle Identification Number:** 1G1JC52F737240970

**Registered Owner Name:** GONZALEZ   GORDIANA   H  ☐ 1) Same As Driver

**Registered Owner Address:** ▓▓▓▓▓  LAS VEGAS  NV  89138

**Insurance Company Name:** FARMERS  ☒ 1) Insured

| Policy Number: 179666724 | Effective: 7/22/2012 | To: 1/22/2012 |
|---|---|---|

**Insurance Company Address or Phone Number:** UNKNOWN

☒ 1) Vehicle Towed  **Towed By:** EWING BROTHERS TOWING

**Removed To:** TOW YARD

**1st Contact**
☐ 2  ☐ 3  ☐ 4
☐ 1  ☒ 5
☐ 9  ☐ 7  ☐ 6

**Damaged Areas**
☒ 1) Front
☒ 2) Right Side
☒ 3) Left Side
☒ 4) Rear
☐ 5) Right Front
☒ 6) Right Rear
☐ 7) Top
☒ 8) Under Carriage
☐ 9) Left Front
☒ 10) Left Rear
☐ 11) Unknown
☐ 12) Other

**Traffic Control**
F  1) Speed Zone        11) Stop Sign
   2) Signal Light      12) Yield Sign
   3) Flashing Light    13) R. R. Sign
   4) School Zone       14) R. R. Gate
   5) Ped. Signal       15) R. R. Signal (#)
   6) No Parking   F    16) Marked Lanes
   7) No Controls       17) Thru Chain/Snow Req.
   8) Warning Sign      18) Permitive Green
F  9) Turn Signal  ☐    19) Unknown
   10) Other

**Distance Traveled After Impact** 52
( ) 1-FEET

**Speed Estimate**
| From | To | Limit 45 |
|---|---|---|

**Extent Of Damage**
☐ 1) Minor  ☐ 4) None
☐ 2) Moderate  ☒ 4) Total
☐ 3) Major  ☐ 6) Unknown

**Sequence Of Events**

| | Code # | Description | Collision With Fixed Object | Most Harmful Event |
|---|---|---|---|---|
| 1st | 214 | 214 MOTOR VEHICLE IN TRANSPORT | ☐ | ☒ |
| 2nd | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☐ |
| 3rd | | | ☐ | ☐ |
| 4th | | | ☐ | ☐ |
| 5th | | | ☐ | ☐ |

| ☐ 1) HRS (1) ☐ 2) CFR ☐ 3) CCJ/MC ☐ 4) Pending | Violation | NOC | Citation Number |
|---|---|---|---|
| ☐ 1) HRS (2) ☐ 2) CFR ☐ 3) CCJ/MC ☐ 4) Pending | Violation | NOC | Citation Number |

| Investigator(s) 4328 T. HUGHES | ID Number 4328 | Date 9/30/2011 | Reviewed By 4309 Todd Raybuck | Date Reviewed 10/1/2011 | Page 5 of 12 |
|---|---|---|---|---|---|

| Event Number: 110930-1590 | **STATE OF NEVADA**<br>**TRAFFIC ACCIDENT REPORT**<br>VEHICLE INFORMATION SHEET<br>Revised 6-2 003 | Incident Number:<br>LVMPD-110930-1590 |
|---|---|---|
| | | Agency Name:<br>LAS VEGAS METROPOLITAN PD |

**Name:** (Last Name, First Name, Middle Name Suffix)
CERVERA          ESTER          CLARA

Transported By: ☐ 1) Not Transported  ☒ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other          LV FIRE/RESCUE

**Street Address:** 1084 MAPLE BEND CT

Transported To: UMC TRAUMA

| City: LAS VEGAS | State / Country ☒ 1) NV<br>NV | Zip Code: 89138 | Person Type: 2 | Seating Position: 3 | Occupant Restraints: 7 |
|---|---|---|---|---|---|

☐ 1) Male  ☐ 3) Unknown  **DOB:** 9/18/1936
☒ 2) Female

**Phone Number:** (redacted)

| Injury Severity: A | Injury Location: 1 | 9 | 6 |
|---|---|---|---|
| Airbags: 2 | Airbag Switch: 1 | Ejected: 0 | Trapped: 1 |

**Name:** (Last Name, First Name, Middle Name Suffix)

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other

**Street Address:**

Transported To:

| City: | State / Country ☐ 1) NV | Zip Code: | Person Type: | Seating Position: | Occupant Restraints: |
|---|---|---|---|---|---|

☐ 1) Male  ☐ 3) Unknown  **DOB:**
☐ 2) Female

**Phone Number:**

| Injury Severity: | Injury Location: | |
|---|---|---|
| Airbags: | Airbag Switch: | Ejected: | Trapped: |

**Name:** (Last Name, First Name, Middle Name Suffix)

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other

**Street Address:**

Transported To:

| City: | State / Country ☐ 1) NV | Zip Code: | Person Type: | Seating Position: | Occupant Restraints: |
|---|---|---|---|---|---|

☐ 1) Male  ☐ 3) Unknown  **DOB:**
☐ 2) Female

**Phone Number:**

| Injury Severity: | Injury Location: | |
|---|---|---|
| Airbags: | Airbag Switch: | Ejected: | Trapped: |

| ☐ 1) Trailing Unit 1  VIN: | Plate: | State: ☐ 1) NV | Type: |
|---|---|---|---|
| ☐ 1) Trailing Unit 2  VIN: | Plate: | State: ☐ 1) NV | Type: |
| ☐ 1) Trailing Unit 3  VIN: | Plate: | State: ☐ 1) NV | Type: |

## Commercial Vehicle Configuration

☐ 1) Commercial Vehicle          ☐ 2) School Bus

☐ 1) Bus, 9 - 15 Occupants  ☐ 6) Tractor Only  ☐ 11) Tractor / Semi Trailer
☐ 2) Bus, > 15 Occupants  ☐ 7) Tractor / Trailer  ☐ 12) Passenger Vehicle, (Haz-Mat)
☐ 3) Single 2 Axle and 6 Tire  ☐ 8) Tractor / Doubles  ☐ 13) Light Truck, (Haz-Mat)
☐ 4) Single > 3 Axle  ☐ 9) Tractor / Triples  ☐ 14) Other Heavy Vehicle
☐ 5) Any 4 Tire Vehicle  ☐ 10) Truck with Trailer

**Source**
☐ 1) Driver          ☐ 4) Plate Reg.
☐ 2) Log Book          ☐ 5) Side Of Vehicle
☐ 3) Shipping Papers / Trip Manifest          ☐ 6) Other

**Carrier Name:**

**Power Unit GVWR**
☐ 1) < 10,000 Lbs  ☐ 2) 10,000 - 26,000 Lbs  ☐ 3) > 26,000 Lbs
☐ 1) Haz-Mat
☐ 2) Released

**Carrier Street Address:**

City:          State: ☐ 1) NV          Zip:

### Cargo Body Type

☐ 1) Pole  ☐ 6) Van / Box  ☐ 9) Grain, Gravel Chip)
☐ 2) Tank  ☐ 7) Concrete Mixer  ☐ 12) Bus, 9 - 15 Occupants
☐ 3) Flatbed  ☐ 8) Auto Carrier  ☐ 13) Bus, > 15 Occupants
☐ 4) Dump  ☐ 9) Garbage/Refuse  ☐ 14) Other
☐ 5) Unknown  ☐ 10) Not Applicable

Haz-Mat ID #:

Hazard Classification #:

**Type of Carrier**
☐ 1) Single State
☐ 2) USDOT
☐ 3) Canada
☐ 4) Mexico
☐ 5) None

NAS Safety Report #:

Carrier Number:

Page 6 of 12

# STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### VEHICLE INFORMATION SHEET
Revised 5.2.103

| Event Number: 110030-1590 | | Accident Number: LVMPD-110930-1590 |
|---|---|---|
| | | Agency Name: LAS VEGAS METROPOLITAN PD |

| Vehicle # 3 | # Occupants 1 | ☐ 1) At Fault   ☐ 2) Non Contact Vehicle |
|---|---|---|

**Direction of Travel:** ☐ 1) North  ☐ 2) South  ☐ 3) East  ☒ 4) West  ☐ 5) Unknown
**Highway / Street Name:** CHARLESTON BLVD       **Travel Lane #:** L1

**Vehicle Action:** ☐ 1) Straight ☐ 2) Backing ☐ 3) Left Turn ☐ 4) Right Turn ☐ 5) U-Turn ☐ 6) Parked ☐ 7) Wrong Way ☐ 8) Stopped (✗) ☐ 9) Passing ☐ 10) Racing ☐ 11) Leaving Parked ☐ 12) Entering Lane ☐ 13) Leaving Lane ☐ 14) Other Turning ☐ 15) Enter Parked (W) ☐ 16) Entering Vehicle ☐ 17) Lane Change ☐ 18) Other ☐ 19) Unknown

**Driver:** (Last Name, First Name, Middle Name Spelled)  KASSA  ZENAW  B

**Transported By:** ☐ 1) Not Transported  ☒ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other
LV FIRE/RESCUE

**Street Address:** ~~[redacted]~~

**Transported To:** UMC TRAUMA

| City: LAS VEGAS | State / Country ☒ 1) NV | Zip Code: 89123 | Person Type: 1 | Seating Position: 1 | Occupant Restraints: 7 |
|---|---|---|---|---|---|

☒ 1) Male  ☐ 2) Female  ☐ 3) Unknown   **DOB:** ~~[redacted]~~   **Phone Number:** ~~[redacted]~~
**Injury Severity:** A   **Injury Location:** 3   6   8   9

**OLN:** 4100009676   **State:** ☒ 1) NV   ☐ 1) CDL  ☒ 2) QL   **License Status:** -0
**Airbags:** 3   **Airbag Switch:** 1   **Ejected:** 0   **Trapped:** 0

| Compliance: ☐ 1) Restrict ☐ 2) Endorse | Endorsements | Restrictions: 0 | **Driver Factors** |
|---|---|---|---|

**Alcohol/Drug Involvement**
☒ 1) Not Involved
☐ 2) Suspected Impairment
☐ 4) Drugs
☐ 3) Unknown

**Method of Determination** (check up to 2)
☐ 1) Field Sobriety Test  ☐ 4) Urine Test
☐ 2) Evidentiary Test  ☐ 5) Blood Test
☐ 3) Driver Admission  ☐ 6) Preliminary Breath Test

**Test Results:**

**Driver Factors**
☒ 1) Apparently Normal
☐ 2) Had Been Drinking
☐ 3) Drug Involvement
☐ 4) Apparently Fatigued / Asleep
☐ 5) Obstructed View
☐ 6) Driver III / Injured
☐ 7) Driver Improper Passing
☐ 8) Driver Inattention / Distracted
☐ 9) Physical Impairment
☐ 10) Unknown

| Vehicle Year: 1997 | Vehicle Make: DODGE | Vehicle Model: CARAVAN | Vehicle Type: VN - VAN |
|---|---|---|---|

| Plate / Permit No.: 751PKK | State: ☒ 1) NV | Expiration Date: 02/04/2012 | Vehicle Color: WHITE |
|---|---|---|---|

**Vehicle Identification Number:** 2B4FP25B0VR196821

**Vehicle Factors**
☐ 1) Failed To Yield Right Of Way
☐ 2) Disregard Control Device
☐ 3) Too Fast For Conditions
☐ 4) Exceeding Speed Limit
☐ 5) Wrong Way / Direction
☐ 6) Mechanical Defects
☐ 7) Drove Left Of Center
☐ 8) Other
☐ 9) Failed To Maintain Lane
☐ 10) Following Too Close
☐ 11) Unsafe Lane Change
☐ 12) Made Improper Turn
☐ 13) Over Correct/Steering
☐ 14) Other Improper Driving
☐ 15) Aggressive / Reckless / Careless
☐ 16) Struck Vehicle
☐ 17) Unsafe Backing
☐ 18) Ran Off Road
☐ 19) Hit and Run
☐ 20) Road Defect (K)
☐ 21) Object Avoidance
☐ 22) Unknown (W)

**Registered Owner Name:** KASSA  ZENAW  B
☐ 1) Same As Driver

**Registered Owner Address:** ~~[redacted]~~  LAS VEGAS  NV  89123

**Insurance Company Name:** MERCURY
☒ 1) Insured

**Policy Number:** NVA0013444   **Effective:** 9/5/2011   **To:** 3/5/2012

**Insurance Company Address or Phone Number:** 800-503-3724

**1st Contact**
☐ 2   ☐ 3   ☐ 4   ☐ 1   ☐ 5   ☐ 6   ☐ 7   ☐ 8) Override   ☐ 9) Under Ride

**Damaged Areas**
☐ 1) Front
☐ 2) Right Side
☐ 3) Left Side
☒ 4) Rear
☐ 5) Right Front
☐ 6) Right Rear
☐ 7) Top
☐ 8) Under Carriage
☐ 9) Left Front
☐ 10) Left Rear
☐ 11) Unknown
☐ 12) Other

☒ 1) Vehicle Towed   **Towed By:** EWING BROTHERS TOWING
**Removed To:** TOW YARD

| **Traffic Control** | | Distance Traveled After Impact | **Speed Estimate** | | | **Extent Of Damage** |
|---|---|---|---|---|---|---|
| F | 1) Speed Zone | 11) Stop Sign | 16 | From | To | Limit 45 | ☐ 1) Minor ☒ 2) Moderate ☐ 3) Major | ☐ 4) Total ☐ 5) None ☐ 6) Unknown |

**Traffic Control**
F 1) Speed Zone
  2) Signal Light
  3) Flashing Light
  4) School Zone
  5) Ped. Signal
  6) No Parking
  7) No Controls
  8) Warning Sign
F 9) Turn Signal
  10) Other
  11) Stop Sign
  12) Yield Sign
  13) R. R. Sign
  14) R. R. Sign
F 15) R. R. Signal (W)
  16) Marked Lanes
  17) No Thru Above Req.
  18) Paint/Hwy Green
  19) Unknown

**Distance Traveled After Impact:** 16   0  1-FEET

**Speed Estimate:** From  To  Limit 45

**Extent Of Damage:** ☐ 1) Minor ☒ 2) Moderate ☐ 3) Major ☐ 4) Total ☐ 5) None ☐ 6) Unknown

### Sequence Of Events

| | Code # | Description | Collision With Fixed Object | Most Harm In Event |
|---|---|---|---|---|
| 1st | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☒ |
| 2nd | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☐ |
| 3rd | | | ☐ | ☐ |
| 4th | | | ☐ | ☐ |
| 5th | | | ☐ | ☐ |

| ☐ 1) HR6 ☐ 2) CFR ☐ 3) CC / RC ☐ 4) Pending (1) | Violation | NOC | Citation Number |
|---|---|---|---|
| ☐ 1) HR6 ☐ 2) CFR ☐ 3) CC / RC ☐ 4) Pending (2) | Violation | NOC | Citation Number |

| Investigator(s): 4328 T. HUGHES | ID Number: 4328 | Date: 9/30/2011 | Reviewed By: 4309 Todd Raybuck | Date Reviewed: 10/1/2011 | Page: 7 of 12 |
|---|---|---|---|---|---|

**STATE OF NEVADA**
**TRAFFIC ACCIDENT REPORT**
VEHICLE INFORMATION SHEET
Revised 6/2/03

| Event Number: | 110930-1590 | Accident Number: LVMPD-110930-1590 |
|---|---|---|

Agency Name: LAS VEGAS METROPOLITAN PD

---

Name: Last Name, First Name, Middle Name Suffix

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other

Street Address:

Transported To:

City:   State / Country ☐ 1) NV   Zip Code:

Person Type:   Seating Position:   Occupant Restraints:

☐ 1) Male  ☐ 3) Unknown   DOB:   Phone Number:
☐ 2) Female

Injury Severity:   Injury Location:

Airbags:   Airbag Switch:   Ejected:   Trapped:

---

Name: Last Name, First Name, Middle Name Suffix

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other

Street Address:

Transported To:

City:   State / Country ☐ 1) NV   Zip Code:

Person Type:   Seating Position:   Occupant Restraints:

☐ 1) Male  ☐ 3) Unknown   DOB:   Phone Number:
☐ 2) Female

Injury Severity:   Injury Location:

Airbags:   Airbag Switch:   Ejected:   Trapped:

---

Name: Last Name, First Name, Middle Name Suffix

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 5) Other

Street Address:

Transported To:

City:   State / Country ☐ 1) NV   Zip Code:

Person Type:   Seating Position:   Occupant Restraints:

☐ 1) Male  ☐ 3) Unknown   DOB:   Phone Number:
☐ 2) Female

Injury Severity:   Injury Location:

Airbags:   Airbag Switch:   Ejected:   Trapped:

---

☐ 1) Trailing Unit 1   VIN:   Plate:   State: ☐ 1) NV   Type:
☐ 1) Trailing Unit 2   VIN:   Plate:   State: ☐ 1) NV   Type:
☐ 1) Trailing Unit 3   VIN:   Plate:   State: ☐ 1) NV   Type:

---

**Commercial Vehicle Configuration**   ☐ 1) Commercial Vehicle   ☐ 2) School Bus

☐ 1) Bus, 9 – 15 Occupants   ☐ 6) Tractor Only   ☐ 11) Tractor / Semi Trailer
☐ 2) Bus, > 15 Occupants   ☐ 7) Tractor / Trailer   ☐ 12) Passenger Vehicle, (Haz-Mat)
☐ 3) Single 2 Axle and 6 Tire   ☐ 8) Tractor / Doubles   ☐ 13) Light Truck, (Haz-Mat)
☐ 4) Single > 3 Axle   ☐ 9) Tractor / Triples   ☐ 14) Other Heavy Vehicle
☐ 5) Any 4 Tire Vehicle   ☐ 10) Truck with Trailer

**Source**
☐ 1) Driver   ☐ 4) State Reg.
☐ 2) Log Book   ☐ 5) Side Of Vehicle
☐ 3) Shipping Papers / Trip Manifest   ☐ 6) Other

Carrier Name:

**Power Unit GVWR**   ☐ 1) Haz-Mat
☐ 1) ≤ 10,000 Lbs  ☐ 2) 10,000 – 26,000 Lbs  ☐ 3) > 26,000 Lbs   ☐ 2) Released

Carrier Street Address:   City:   State: ☐ 1) NV   Zip:

**Cargo Body Type**
☐ 1) Pole   ☐ 6) Van / Box   ☐ 11) Grain, Gravel Chips
☐ 2) Tank   ☐ 7) Concrete Mixer   ☐ 12) Bus, 9 – 15 Occupants
☐ 3) Flatbed   ☐ 8) Auto Carrier   ☐ 13) Bus, > 15 Occupants
☐ 4) Dump   ☐ 9) Garbage/Refuse   ☐ 14) Other
☐ 5) Unknown   ☐ 10) Not Applicable

Haz-Mat ID #:

Hazard Classification #:

**Type of Carrier**
☐ 1) Single State
☐ 2) USDOT
☐ 3) Canada
☐ 4) Mexico
☐ 5) None

NAS Safety Report #:

Carrier Number:

Page 8 of 12

# STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### VEHICLE INFORMATION SHEET
Revised 5/2003

| Event Number: 110930-1590 | Accident Number: LVMPD-110930-1590 |
|---|---|
| | Agency Name: LAS VEGAS METROPOLITAN PD |

| Vehicle #: 4 | #Occupant: 1 | ☐ 1) At Fault   ☐ 1) Non Contact Vehicle |

**Direction of Travel:** ☐ 1) North  ☐ 3) East  ☐ 5) Unknown  ☐ 2) South  ☒ 4) West

**Highway / Street Name:** CHARLESTON

**Travel Lane #:** L1

**Vehicle Action:** ☐ 1) Straight ☐ 3) Left Turn ☐ 5) U-Turn ☐ 7) Parking ☐ 11) Leaving Parked ☐ 13) Leaving Lane ☐ 15) Enter Parked (#) ☐ 17) Lane Change ☐ 19) Unknown  ☐ 2) Backing ☐ 4) Right Turn ☐ 6) Passing ☒ 8) Stopped (^) ☐ 10) Racing ☐ 12) Driving Lane ☐ 14) Other Turning ☐ 16) Driverless Vehicle ☐ 18) Other

**Driver:** (California Residence, Middle Name Suffix)
LEVY          ADRIAN          ADOLPH

**Transported By:** ☒ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown
☐ 2) Fire

**Street Address:** [redacted]

**Transported To:**

| City: HENDERSON | State / Country: ☒ 1) NV   NV | Zip Code: 89074 | Person Type: 1 | Seating Position: 1 | Occupant Restraints: 7 |

☒ 1) Male  ☐ 3) Unknown   **DOB:** [redacted]   **Phone Number:** [redacted]
☐ 2) Female

| Injury Severity: C | Injury Location: 6 | 3 |

**OLN:** 4300325892   **State:** ☒ 1) NV   NV   **License Status:** ☒ 1) CDL  ☒ 1) DL

| Airbags: 2 | Airbag Switch: 4 | Ejected: 0 | Trapped 0 |

**Compliance:** ☐ 1) Restrict ☐ 2) Endorse
**Endorsements:** M     **Restrictions:** P

**Driver Factors:**
☒ 1) Apparently Normal  ☐ 5) Driver If) Injured  ☐ 9) Vision Obscured Vehicle
☐ 2) Had Been Drinking  ☐ 6) Other Improper Driving
☐ 3) Drug Involvement  ☐ 7) Driver Inattention / Distracted
☐ 4) Apparently Fatigued / Asleep  ☐ 8) Physical Impairment
☐ 5) Obstructed View  ☐ 10) Unknown

**Alcohol/Drug Involvement:** ☒ 1) Not Involved ☐ 2) Suspected Impairment ☐ 3) Alcohol ☐ 4) Drugs

**Method of Determination** (check up to 2): ☐ 1) Field Sobriety Test ☐ 4) Urine Test ☐ 2) Evidentiary Breath ☐ 5) Blood Test ☐ 3) Driver Admission ☐ 6) Preliminary Breath Test

**Test Results:**

| Vehicle Year: 1995 | Vehicle Make: JEEP | Vehicle Model: GRAND CHEROKEE LAREDO | Vehicle Type: SUV |
| Plate / Permit No.: 817TKW | State: ☒ 1) NV   NV | Expiration Date: 04/30/2012 | Vehicle Color: WHITE |

**Vehicle Identification Number:** 1J4GZ58S6SC621245

**Vehicle Factors:**
☐ 1) Failed To Yield Right Of Way ☐ 9) Failed To Maintain Lane ☐ 16) Vehicle (erised) Vehicle
☐ 2) Disregard Control Device ☐ 10) Following Too Close ☐ 17) Unsafe Backing
☐ 3) Too Fast For Conditions ☐ 11) Unsafe Lane Change ☐ 18) Ran Off Road
☐ 4) Exceeding Speed Limit ☐ 12) Made Improper Turn ☐ 19) Hit and Run
☐ 5) Wrong Way / Direction ☐ 13) Over Correct Steering ☐ 20) Road Defect (#)
☐ 6) Mechanical Defects ☐ 14) Other Improper Driving ☐ 21) Object Avoidance
☐ 7) Drove Left of Center ☐ 15) Aggressive / Reckless / Careless
☐ 8) Other ☐ 22) Unknown (#)

**Registered Owner Name:** LEVY          ADRIAN          ADOLPH
☐ 1) Same As Driver

**Registered Owner Address:** [redacted]   HENDERSON    NV    89074

**Insurance Company Name:** GIECO
☒ 1) Insured

| Policy Number: 4177470228 | Effective: 4/8/2011 | To: 10/8/2011 |

**Insurance Company Address or Phone Number:** 800-841-3000

☐ 1) Vehicle Towed   **Towed By:**

**Removed To:** RETAINED BY DRIVER

**1st Contact**

**Damaged Areas:**
☒ 1) Front
☐ 2) Right Side
☐ 3) Left Side
☒ 4) Rear
☐ 5) Right Front
☒ 6) Right Rear
☐ 7) Top
☐ 8) Under Carriage
☒ 9) Left Front
☒ 10) Left Rear
☐ 11) Unknown
☐ 12) Other

☐ 1) Override    ☐ 2) Under Ride

**Traffic Control:**
F  1) Speed Zone        11) Stop Sign
F  2) School Light      12) Yield Sign
   3) Flashing Light    13) R. R. Gate
   4) School Zone       14) R. R. Signal (#)
   5) Ped. Signal       15) No Passing Zone
   6) No Parking    F   16) Marked Lane
   7) No Controls       17) Tire Chain/Snow Req.
   8) Warning Sign      18) Permit/Way Grant
   9) Turn Signal       19) Unknown
   10) Other

| Distance Traveled After Impact: 11   0) 1-FEET |

**Speed Estimate**
| From | To | Limit: 45 |

**Extent Of Damage:**
☐ 1) Minor ☐ 4) Total
☒ 2) Moderate ☐ 5) None
☐ 3) Major ☐ 6) Unknown

**Sequence Of Events**

| | Code # | Description | Collision With Fixed Object | Most Harmful Event |
|---|---|---|---|---|
| 1st | 214 | 214 MOTOR VEHICLE IN TRANSPORT | ☐ | ☒ |
| 2nd | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☐ |
| 3rd | | | ☐ | ☐ |
| 4th | | | ☐ | ☐ |
| 5th | | | ☐ | ☐ |

| ☐ 1) HRS ☐ 2) CFR ☐ 3) CC / MC ☐ 4) Pending (1) | **Violation** | **NOC** | **Citation Number** |
| ☐ 1) HRS ☐ 2) CFR ☐ 3) CC / MC ☐ 4) Pending (2) | **Violation** | **NOC** | **Citation Number** |

| Investigator(s): 4328 T. HUGHES | ID Number: 4328 | Date: 9/30/2011 | Reviewed By: 4309 Todd Raybuck | Date Reviewed: 10/1/2011 | Page: 9 of 12 |

# STATE OF NEVADA
## TRAFFIC ACCIDENT REPORT
### VEHICLE INFORMATION SHEET
#### Revised 6/2/03

| Event Number: 110930-1590 | | Accident Number: LVMPD-110930-1590 |
| --- | --- | --- |
| | | Agency Name: LAS VEGAS METROPOLITAN PD |

**Name:** (Last Name, First Name, Middle Name Suffix)

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:**

Transported To:

**City:**   **State / Country** ☐ 1) HV   **Zip Code:**

| Person Type: | Seating Position: | Occupant Restraints: |
| --- | --- | --- |

☐ 1) Male  ☐ 3) Unknown   **DOB:**   **Phone Number:**
☐ 2) Female

| Injury Severity: | Injury Location: |
| --- | --- |

| Airbags: | Airbag Switch: | Ejected: | Trapped: |
| --- | --- | --- | --- |

---

**Name:** (Last Name, First Name, Middle Name Suffix)

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:**

Transported To:

**City:**   **State / Country** ☐ 1) HV   **Zip Code:**

| Person Type: | Seating Position: | Occupant Restraints: |
| --- | --- | --- |

☐ 1) Male  ☐ 3) Unknown   **DOB:**   **Phone Number:**
☐ 2) Female

| Injury Severity: | Injury Location: |
| --- | --- |

| Airbags: | Airbag Switch: | Ejected: | Trapped: |
| --- | --- | --- | --- |

---

**Name:** (Last Name, First Name, Middle Name Suffix)

Transported By: ☐ 1) Not Transported  ☐ 2) EMS  ☐ 3) Police  ☐ 4) Unknown  ☐ 5) Other

**Street Address:**

Transported To:

**City:**   **State / Country** ☐ 1) HV   **Zip Code:**

| Person Type: | Seating Position: | Occupant Restraints: |
| --- | --- | --- |

☐ 1) Male  ☐ 3) Unknown   **DOB:**   **Phone Number:**
☐ 2) Female

| Injury Severity: | Injury Location: |
| --- | --- |

| Airbags: | Airbag Switch: | Ejected: | Trapped: |
| --- | --- | --- | --- |

---

☐ 1) Trailing Unit 1   **VIN:**   | Plate: | State: ☐ 1) HV | Type: |
☐ 1) Trailing Unit 2   **VIN:**   | Plate: | State: ☐ 1) HV | Type: |
☐ 1) Trailing Unit 3   **VIN:**   | Plate: | State: ☐ 1) HV | Type: |

## Commercial Vehicle Configuration

☐ Commercial Vehicle                    ☐ 2) School Bus

☐ 1) Bus, 9 - 15 Occupants   ☐ 6) Tractor Only   ☐ 11) Tractor / Semi Trailer
☐ 2) Bus, > 15 Occupants   ☐ 7) Tractor / Trailer   ☐ 12) Passenger Vehicle, (Haz-Mat)
☐ 3) Single 2 Axle and 6 Tire   ☐ 8) Tractor / Doubles   ☐ 13) Light Truck, (Haz-Mat)
☐ 4) Single > 2 Axle   ☐ 9) Tractor / Triples   ☐ 14) Other Heavy Vehicle
☐ 5) Any 4 Tire Vehicle   ☐ 10) Truck with Trailer

**Source**
☐ 1) Driver   ☐ 4) State Reg.
☐ 2) Log Book   ☐ 5) Side Of Vehicle
☐ 3) Shipping Papers / Trip Manifest   ☐ 6) Other

**Carrier Name:**

**Power Unit GVWR**   ☐ 1) Haz-Mat
☐ 1) < 10,000 Lbs   ☐ 2) 10,000 - 26,000 Lbs   ☐ 3) > 26,000 Lbs   ☐ 2) Released

**Carrier Street Address:**

**City:**   **State:** ☐ 1) HV   **Zip:**

### Cargo Body Type

☐ 1) Pole   ☐ 6) Van / Box   ☐ 11) Grain, Gravel Chips
☐ 2) Tank   ☐ 7) Concrete Mixer   ☐ 12) Bus, 9 - 15 Occupants
☐ 3) Flatbed   ☐ 8) Auto Carrier   ☐ 13) Bus, > 15 Occupants
☐ 4) Dump   ☐ 9) Garbage/Refuse   ☐ 14) Other
☐ 5) Unknown   ☐ 10) Not Applicable

**Haz-Mat ID #:**

**Hazard Classification #:**

**Type of Carrier**
☐ 1) Single State
☐ 2) US DOT
☐ 3) Canada
☐ 4) Mexico
☐ 5) None

**NAS Safety Report #:**

**Carrier Number:**

| Page 10 of 12 |
| --- |

# STATE OF NEVADA
# TRAFFIC ACCIDENT REPORT
## VEHICLE INFORMATION SHEET
Revised 4.7.108

| Event Number: 110030-1590 | Accident Number: LVMPD-110030-1590 |
|---|---|

| Vehicle 5 | # Occupants 2 | ☐ 1) At Fault ☐ 2) Non Contact Vehicle | | Agency Name: LAS VEGAS METROPOLITAN PD |

**Direction of Travel:** ☐ 1) North ☐ 3) East ☐ 5) Unknown ☐ 2) South ☒ 4) West

**Highway / Street Name:** CHARLESTON

**Travel Lane #:** L1

**Vehicle Action:** ☐ 1) Straight ☐ 3) Left Turn ☐ 5) U-Turn ☐ 7) Wrong Way ☐ 9) Parking ☐ 11) Leaving Parked ☐ 13) Leaving Lane ☐ 15) Enter Parked ☐ 17) Lane Change ☐ 19) Unknown
☐ 2) Backing ☐ 4) Right Turn ☐ 6) Pulled ☒ 8) Stopped (A) ☐ 10) Racing ☐ 12) Entering Lane ☐ 14) Other Turning ☐ 16) Driverless Vehicle ☐ 18) Other

**Driver:** *Last Name* RUIZ *First Name* MIRIAM *Middle Name Suffix*

**Transported By:** ☒ 1) Not Transported ☐ 2) EMS ☐ 3) Police ☐ 4) Unknown ☐ 5) Other

**Street Address:** ~~[redacted]~~

**Transported To:**

| City: LAS VEGAS | State / Country ☒ 1) HV NV | Zip Code: 89106 | Person Type: 1 | Seating Position: 1 | Occupant Restraints: 7 |

☒ 1) Male ☐ 3) Unknown   **DOB:** ~~[redacted]~~
☒ 1) Female

**Phone Number:** ~~[redacted]~~

| Injury Severity: C | Injury Location: 1 |

**OLN:** State: ☐ 1) HV   ☐ 1) CDL ☐ 2) DL   **License Status:** 6

| Airbags: 2 | Airbag Switch: 4 | Ejected: 0 | Trapped: |

**Compliance:** ☐ 1) Restrict ☐ 2) Endorse

| Endorsements | Restrictions |

**Alcohol/Drug Involvement**
☒ 1) Not Involved
☐ 2) Suspected Impairment
☐ 3) Alcohol ☐ 4) Drugs
☐ 5) Unknown

**Method of Determination** (check up to 2)
☐ 1) Field Sobriety Test ☐ 4) Urine Test
☐ 2) Evidentiary Breath ☐ 5) Blood Test
☐ 3) Driver Admission ☐ 6) Preliminary Breath Test

**Test Results:**

### Driver Factors
☒ 1) Apparently Normal
☐ 2) Had Been Drinking
☐ 3) Drug Involvement
☐ 4) Apparently Fatigued / Asleep
☐ 5) Obstructed View

☐ 6) Driver Ill? / Injured
☐ 7) Other Improper Driving
☐ 8) Driver Inattention / Distracted
☐ 9) Physical Impairment
☐ 10) Unknown

**Vehicle Year:** 1999
**Vehicle Make:** CHEVROLET
**Vehicle Model:** LUMINA
**Vehicle Type:** P4

**Plate / Permit No.:** 928VRU   State: ☒ 1) HV NV
**Expiration Date:** 01/02/2012
**Vehicle Color:** MAROON

**Vehicle Identification Number:** 2G1WL52M4X9158274

**Registered Owner Name:** RUIZ   JUAN   CARLOS
☐ 1) Same As Driver
**Registered Owner Address:** ~~[redacted]~~   LAS VEGAS   NV   89106

### Vehicle Factors
☐ 1) Failed To Yield Right Of Way ☐ 9) Failed To Maintain Lane ☐ 16) Driverless Vehicle
☐ 2) Disregard Control Device ☐ 10) Following Too Close ☐ 17) Unsafe Backing
☐ 3) Too Fast For Conditions ☐ 11) Unsafe Lane Change ☐ 18) Ran Off Road
☐ 4) Exceeding Speed Limit ☐ 12) Made Improper Turn ☐ 19) Hit And Run
☐ 5) Wrong Way / Direction ☐ 13) Over Correct/steering ☐ 20) Road Defect (N)
☐ 6) Mechanical Defects ☐ 14) Other Improper Driving ☐ 21) Object Avoidance
☐ 7) Drove Left Of Center ☐ 15) Aggressive / Reckless / Careless
☐ 8) Other ☐ 22) Unknown (N)

**Insurance Company Name:** AAA
☐ 1) Insured

**Policy Number:** NVS002444466   **Effective:** 5/2/2010   **To:** 5/2/2011

**Insurance Company Address or Phone Number:** 800-207-3618

☐ 1) Vehicle Towed   **Towed By:**

**Removed To:** RETAINED BY DRIVER

### 1st Contact

| | ☐ 2 | ☐ 3 | ☐ 4 | |
|---|---|---|---|---|
| ☐ 1 | | | | ☒ 5 |
| | ☐ 8 | ☐ 7 | ☐ 6 | |

☐ 1) Override ☐ 2) Under Ride

### Damaged Areas
☐ 1) Front
☐ 2) Right Side
☐ 3) Left Side
☒ 4) Rear
☐ 5) Right Front
☒ 6) Right Rear
☐ 7) Top
☐ 8) Under Carriage
☒ 9) Left Front
☒ 10) Left Rear
☐ 11) Unknown
☐ 12) Other

### Traffic Control
F 1) Speed Zone
F 2) Signal Light
3) Flashing Light
4) School Zone
5) Ped. Signal
6) No Parking   F
7) No Controls
8) Warning Sign
9) Turn Signal
10) Other

11) Stop Sign
12) Yield Sign
13) R. R. Sign
14) R. R. Gates
15) R. R. Signal (N)
16) Marked Lanes
17) Tire Chain / Snow Req.
18) Permissive Green
19) Unknown

**Distance Traveled After Impact:** 10   0 1-FEET

| Speed Estimate | | |
|---|---|---|
| From | To | Limit 45 |

### Extent Of Damage
☐ 1) Minor ☐ 4) Total
☒ 2) Moderate ☐ 5) None
☐ 3) Major ☐ 6) Unknown

### Sequence Of Events

| | Code # | Description | Collision With Fixed Object | Most Harmful Event |
|---|---|---|---|---|
| 1st | 217 | 217 SLOW / STOPPED VEHICLE | ☐ | ☒ |
| 2nd | | | ☐ | ☐ |
| 3rd | | | ☐ | ☐ |
| 4th | | | ☐ | ☐ |
| 5th | | | ☐ | ☐ |

☒ 1) NRS (1) ☐ 2) CFR ☐ 3) CC/MC ☐ 4) Pending   **Violation:** NRS NO DRIVERS LICENSE   **NOC:** 0200   **Citation Number:** E10126996

☒ 1) NRS (2) ☐ 2) CFR ☐ 3) CC/MC ☐ 4) Pending   **Violation:** NRS NO PROOF OF INSURANCE IN VEHICLE   **NOC:** 0111   **Citation Number:** E10126996

| Investigator(s): 4328 T. HUGHES | ID Number: 4328 | Date: 9/30/2011 | Reviewed By: 4309 Todd Raybuck | Date Reviewed: 10/1/2011 | Page: 11 of 12 |

| Event Number: 110930-1590 | STATE OF NEVADA<br>TRAFFIC ACCIDENT REPORT<br>VEHICLE INFORMATION SHEET<br>Revised 5/2003 | Accident Number: LVMPD-110930-1590 |
|---|---|---|
| | | Agency Name:<br>LAS VEGAS METROPOLITAN PD |

| Name: (Last Name, First Name, Middle Name Suffix)<br>GONZALEZ            MICAELA | Transported By: ☒ 1) Not Transported   ☐ 2) EMS   ☐ 3) Police   ☐ 4) Unknown<br>☐ 5) Other |
|---|---|
| Street Address: 3005 VEGAS | Transported To: |

| City:<br>LAS VEGAS | State / Country ☒ 1) NV<br>NV | Zip Code:<br>89106 | Person<br>Type: 2 | Seating<br>Position: 3 | Occupant<br>Restraints: 7 |
|---|---|---|---|---|---|
| ☐ 1) Male   ☐ 3) Unknown<br>☒ 2) Female | DOB:<br>5/21/1965 | Phone Number:<br>(702)4230818 | Injury<br>Severity: C | Injury<br>Location: 4 | |

| Airbags: 2 | Airbag<br>Switch: 4 | Ejected: 0 | Trapped: 0 |
|---|---|---|---|

| Name: (Last Name, First Name, Middle Name Suffix) | Transported By: ☐ 1) Not Transported   ☐ 2) EMS   ☐ 3) Police   ☐ 4) Unknown<br>☐ 5) Other |
|---|---|
| Street Address: | Transported To: |

| City: | State / Country ☐ 1) NV | Zip Code: | Person<br>Type: | Seating<br>Position: | Occupant<br>Restraints: |
|---|---|---|---|---|---|
| ☐ 1) Male   ☐ 3) Unknown<br>☐ 2) Female | DOB: | Phone Number: | Injury<br>Severity: | Injury<br>Location: | |

| Airbags: | Airbag<br>Switch: | Ejected: | Trapped: |
|---|---|---|---|

| Name: (Last Name, First Name, Middle Name Suffix) | Transported By: ☐ 1) Not Transported   ☐ 2) EMS   ☐ 3) Police   ☐ 4) Unknown<br>☐ 5) Other |
|---|---|
| Street Address: | Transported To: |

| City: | State / Country ☐ 1) NV | Zip Code: | Person<br>Type: | Seating<br>Position: | Occupant<br>Restraints: |
|---|---|---|---|---|---|
| ☐ 1) Male   ☐ 3) Unknown<br>☐ 2) Female | DOB: | Phone Number: | Injury<br>Severity: | Injury<br>Location: | |

| Airbags: | Airbag<br>Switch: | Ejected: | Trapped: |
|---|---|---|---|

| ☐ 1) Trailing Unit 1   VIN: | Plate: | State: ☐ 1) NV | Type: |
|---|---|---|---|
| ☐ 1) Trailing Unit 2   VIN: | Plate: | State: ☐ 1) NV | Type: |
| ☐ 1) Trailing Unit 3   VIN: | Plate: | State: ☐ 1) NV | Type: |

## Commercial Vehicle Configuration

| | | ☐ 1) Commercial Vehicle | ☐ 2) School Bus |
|---|---|---|---|
| ☐ 1) Bus, 9 – 15 Occupants   ☐ 6) Tractor Only | ☐ 1) Tractor / Semi Trailer | | |
| ☐ 2) Bus, > 15 Occupants   ☐ 7) Tractor / Trailer | ☐ 2) Passenger Vehicle, (Haz-Mat) | Source | |
| ☐ 3) Single 2 Axle and 6 Tire   ☐ 8) Tractor / Doubles | ☐ 3) Light Truck, (Haz-Mat) | ☐ 1) Driver            ☐ 3) State Reg. | |
| ☐ 4) Single > 3 Axle   ☐ 9) Tractor / Triples | ☐ 4) Other Heavy Vehicle | ☐ 2) Log Book          ☐ 4) Side of Vehicle | |
| ☐ 5) Any 4 Tire Vehicle   ☐ 10) Truck with Trailer | | ☐ 3) Shipping Papers / Trip Manifest   ☐ 5) Other | |

| Carrier Name: | Power Unit GVWR | | | ☐ 1) Haz-Mat |
|---|---|---|---|---|
| | ☐ 1) ≤ 10,000 Lbs   ☐ 2) 10,000 – 26,000 Lbs   ☐ 3) ≥ 26,000 Lbs | | | ☐ 2) Released |
| Carrier Street<br>Address: | City: | | State: ☐ 1) NV | Zip: |

| Cargo Body Type | Haz-Mat ID #: | Type of Carrier | NAS Safety Report #: |
|---|---|---|---|
| ☐ 1) Pole            ☐ 6) Van / Box | | ☐ 1) Single State | |
| ☐ 2) Tank           ☐ 7) Concrete Mixer | | ☐ 2) US DOT | Carrier Number: |
| ☐ 3) Flatbed        ☐ 8) Auto Carrier | Hazard Classification #: | ☐ 3) Canada | |
| ☐ 4) Dump           ☐ 9) Garbage / Refuse | | ☐ 4) Mexico | |
| ☐ 5) Unknown        ☐ 10) Not Applicable | ☐ 11) Grain, Gravel Chips<br>☐ 12) Bus, 9 – 15 Occupants<br>☐ 13) Bus, > 15 Occupants<br>☐ 14) Other | ☐ 5) None | Page<br>12 of 12 |

# DISTRICT COURT CIVIL COVER SHEET

_____ County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

Plaintiff(s) (name/address/phone):
Encompass Home and Auto
Insurance Company

Defendant(s) (name/address/phone):
Ester Clara Cervera, Eric
Palacios & Associates, Ltd.; et al.

Attorney (name/address/phone):
Mark L. Gentile, Esq.  (702) 251-8445
Gentile Law Group
300 South Decatur Blvd.
Las Vegas, NV 89102

Attorney (name/address/phone):

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | Torts | |
|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort |
| ☐ Other Title to Property | ☐ Medical/Dental | ☐ Other Tort |
| **Other Real Property** | ☐ Legal | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | |
| ☐ Other Real Property | ☐ Other Malpractice | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing |
|---|---|---|
| **Civil Writ** | | **Other Civil Filing** |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment |
| ☐ Writ of Quo Warrant | | ☒ Other Civil Matters |

*Business Court filings should be filed using the Business Court civil coversheet.*

11-13-14
Date

Signature of initiating party or representative

*See other side for family-related case filings.*