1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ENCOMPASS HOME AND AUTO INSURANCE )
COMPANY,                                                      )
                                                                      )
                              Plaintiff(s),                    )         Case No. 2:14-cv-02181-JCM-NJK
                                                                      )
vs.                                                               )         REPORT AND RECOMMENDATION
                                                                      )
ESTER CLARA CERVERA, et al.,                  )
                                                                      )
                              Defendant(s).                 )
                                                                      )

        Pending before the Court is the order for Plaintiff to show cause in writing, no later than March 2, 2016, why this case should not be dismissed for, *inter alia*, failing to comply with Local Rule 22-2. Docket No. 6. Plaintiff failed to respond. *See* Docket. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice.

## I.      BACKGROUND

        This is an interpleader case that Plaintiff originally filed in state court. Docket No. 1-1 at 8 (interpleader complaint). On December 22, 2014, the Government Defendants removed the case to this Court. Docket No. 1. Although statements regarding removal were filed more than a year ago, Plaintiff has taken no action to advance this case. *See* Docket. On February 25, 2016, the Court ordered Plaintiff to show cause why it failed to comply with Local Rule 22-2, no later than March 2, 2016. Docket No. 6. That order made clear that: "Failure to comply with this order will result in a recommendation that the case be dismissed." *Id*. Plaintiff failed to comply. *See* Docket.

## II.    ANALYSIS

"In all interpleader actions, the plaintiff must file a motion requesting that the Court set a scheduling conference." Local Rule 22-2. This motion must be filed no later than 30 days after the first defendant appears. *Id*. "If the plaintiff fails to prosecute the interpleader action by failing to file the motion required by [Local Rule 22-2], the Court may dismiss the action." *Id*.

Here, the Government Defendants removed this case on December 22, 2014, and filed a statement concerning removal on January 12, 2015. Docket Nos. 1, 4. For over a year, Plaintiff failed to prosecute this action by failing to request a scheduling conference. *See* Docket. As a result, on February 25, 2016, the Court ordered Plaintiff to show cause, no later than March 2, 2016, why the case should not be dismissed for failure to comply with Local Rule 22-2. Docket No. 6.

Plaintiff has disobeyed the Local Rules and the Court's order that it show cause why the case should not be dismissed. Plaintiff's failure to move for a scheduling conference, its violation of the Local Rules, and its disobedience of Court orders are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with this Court's orders and Local Rules, notwithstanding the Court's warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED:  March 4, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

//
//
//

2

1 | //

2 | **NOTICE**

3 |     Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be**

4 | **in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

5 | Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

6 | the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This

7 | circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

8 | address and brief the objectionable issues waives the right to appeal the District Court's

9 | order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153,

10 | 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

3