UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ENCOMPASS HOME AND AUTO INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>ESTER CLARA CERVERA, et al.,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV- 2181-JCM -NJK<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Koppe. (Doc. # 7). No objections have been filed, and the time for doing so has passed.

This is an interpleader action that plaintiff Encompass Home and Auto Insurance Company initiated in state court. (*See* doc. # 1-1 at 8). Defendants then removed the case to this court and filed statements regarding the removal. (*See* doc. ## 4 and 5). Local Rule 22-2 requires the plaintiff in an interpleader action to file a motion requesting that the court set a scheduling conference within thirty days of any defendant's appearance. *See* D. NEV. R. 22-2.

When plaintiff failed to do so, the court ordered plaintiff to show cause why it had failed to comply with Rule 22-2. (Doc. # 6). The court advised plaintiff that failure to comply with the order to show cause by March 2, 2016, would result in a recommendation of dismissal. (*Id.*) Plaintiff has not complied with the order or otherwise taken action in this matter. (*See* docket). Judge Koppe therefore recommends dismissal without prejudice.

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

**James C. Mahan**
**U.S. District Judge**

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. See United States v. Reyna–Tapia, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); see also Schmidt v. Johnstone, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in Reyna–Tapia as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. See, e.g., Johnstone, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and the record in this matter, the court finds good cause appears to adopt Judge Koppe's findings in full.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Koppe (doc. # 7) be, and the same hereby are, ADOPTED in their entirety.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, DISMISSED without prejudice.

The clerk shall enter judgment accordingly and close the case.

DATED April 29, 2016.

                                                                                                                                 /s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**